**Michael Fuller, OSB No. 09357**
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MATTHEW SPONER**, | Case No. 3:17-cv-2035 |
| Plaintiff, | **COMPLAINT** |
| v. | 15 U.S.C. § 1681 et seq. Fair Credit Reporting Act |
| **EQUIFAX INFORMATION SERVICES LLC** and **WELLS FARGO BANK N.A.**, | Demand for Jury Trial |
| Defendants. | |

**COMPLAINT** – Page 1 of 8

1.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff Matthew Sponer is an individual living in Multnomah County, Oregon and a "consumer" as defined by the Fair Credit Reporting Act (FCRA) at 15 U.S.C. § 1681a(c).

3.

Defendant Equifax Information Services, LLC (Equifax) is a Georgia limited liability company and a consumer reporting agency as defined by the FCRA at 15 U.S.C. § 1681a(f).

4.

Defendant Wells Fargo Bank N.A. (Wells Fargo) is a national association bank and a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

5.

## FACTUAL ALLEGATIONS

This complaint's allegations are based on personal knowledge as to plaintiff's conduct, and made on information and belief as to the acts of others.

6.

In October 2016, plaintiff became aware he had been the victim of identity theft. The identity thief was ultimately tracked down by the police, prosecuted by the district attorney, and plead guilty.

7.

Plaintiff's identity thief used plaintiff's information to create a fraudulent credit account with Wells Fargo Dealer Service (the "Wells Fargo account") while plaintiff was traveling outside the country. Wells Fargo furnished false information pertaining to the fraudulent Wells Fargo account to Equifax.

8.

Equifax prepared and issued consumer credit reports concerning plaintiff that included inaccurate information, including reporting the fraudulent Wells Fargo account with a balance and an amount past due.

9.

In October 2016, plaintiff began notifying Equifax and Wells Fargo that he was a victim of identity theft that resulted in the opening of a fraudulent Wells Fargo account and that he disputed the accuracy of the fraudulent Wells Fargo account on his credit report. Equifax refused to delete or block the Wells Fargo account from plaintiff's report.

10.

Equifax notified Wells Fargo of plaintiff's disputes of the fraudulent account. Wells Fargo knew the Wells Fargo account on plaintiff's report was fraudulent but did not tell Equifax to remove the account from plaintiff's report.

11.

## CLAIMS FOR RELIEF

### Claim One against Equifax

### Negligent Noncompliance with the FCRA

Plaintiff re-alleges and incorporates paragraphs 1 though 10. Equifax negligently failed to comply with the requirements of the FCRA. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury.

12.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681o(a).

**COMPLAINT** – Page 4 of 8

13.

## Claim Two against Equifax

## Willful Noncompliance with the FCRA

Plaintiff re-alleges and incorporates paragraphs 1 though 10. Equifax willfully failed to comply with the requirements of the FCRA. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury. Plaintiff also requests punitive damages in an amount to be determined by the jury.

14.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681n(a).

**COMPLAINT** – Page 5 of 8

15.

## Claim Three against Wells Fargo

## Negligent Noncompliance with the FCRA

Plaintiff re-alleges and incorporates paragraphs 1 though 10. Wells Fargo negligently failed to comply with the requirements of the FCRA. As a result of Wells Fargo's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury.

16.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681o(a).

17.

## Claim Four against Wells Fargo

## Willful Noncompliance with the FCRA

Plaintiff re-alleges and incorporates paragraphs 1 though 10. Wells Fargo willfully failed to comply with the requirements of the FCRA. As a result of Wells Fargo's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks compensation in an amount to be determined by the jury. Plaintiff also requests punitive damages in an amount to be determined by the jury.

18.

Plaintiff requests reimbursement for his attorney fees under 15 U.S.C. § 1681n(a).

19.

## JURY TRIAL DEMAND

Plaintiff is entitled to and so respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment separately against Equifax and Wells Fargo for actual damages and punitive damages in amounts to be decided by the jury, and for attorney fees and costs in an amount to be decided by the Court.

December 22, 2017

                                                   **RESPECTFULLY SUBMITTED,**

                                                   s/ Michael Fuller
                                                   **Michael Fuller, OSB No. 09357**
                                                   Lead Trial Attorney for Plaintiff
                                                   Olsen Daines PC
                                                   US Bancorp Tower
                                                   111 SW 5th Ave., Suite 3150
                                                   Portland, Oregon 97204
                                                   michael@underdoglawyer.com
                                                   Direct 503-201-4570