Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

Attorneys for Defendant Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTHEW SPONER,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES LLC and WELLS FARGO BANK N.A.,<br><br>    Defendants. | Case No. 3:17-cv-2035-HZ<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Oral Argument Requested* |

### LR 7-1 Certification

Counsel for defendant Wells Fargo Bank, N.A. ("defendant") certifies that the parties[1] made a good faith effort by telephone to resolve the issues raised in this motion but they were unable to resolve the issues.

/ / /

/ / /

/ / /

/ / /

---

[1] As used in this motion, "defendant" refers to defendant Wells Fargo Bank, N.A., and "parties" refers to plaintiff and defendant Wells Fargo. Defendant's counsel understands that defendant Equifax Information Services, Inc. ("Equifax") has settled with plaintiff.

Page 1 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

4843-4651-3033

## I. Motion

Defendant moves for summary judgment on the following claims:

1. Plaintiff's claim that defendant violated § 1681s-2(b) the Fair Credit Reporting Act ("FCRA"), in responding to automated consumer dispute verifications that it received in 2016. No reasonable factfinder could conclude that defendant's responses to those disputes were unreasonable; and

2. Plaintiff's claim that defendant willfully violated § 1681s-2(b) of the FCRA. There is no evidence that any alleged violation rises to the level of willfulness.

## II. Relevant Facts[2]

### A. The Identity Theft at Issue

Sometime before August 2016, plaintiff's identity apparently was stolen. Using plaintiff's identity, a third party purchased a vehicle ("the vehicle") from an automobile dealer in San Diego, California. (Declaration of Timothy J. Fransen ["Fransen Decl."], Ex. 3). The purchase was financed with a loan from defendant's Dealer Services division ("the Loan"). (*See* Complaint [Dkt. 1], ¶ 7). At the time of the purchase, plaintiff (who resided in Oregon) was on an extended trip sailing around the South Pacific with his family. (Deposition of Matthew J. Sponer ["Pl.'s Dep."], 18:23 – 19:11).[3] No payments on the Loan were ever made, and defendant tried unsuccessfully to contact plaintiff. (Deposition of Bets Burg ["Burg Dep."], 78:24 – 79:4).[4]

---

[2] For purposes of this motion only, defendant does not dispute the facts included in this section (unless otherwise qualified). In the event this motion is denied, however, defendant reserves the right to dispute or otherwise challenge the facts included in this section.

[3] Relevant portions of the deposition of Matthew J. Sponer are attached to the Declaration of Timothy J. Fransen as Exhibit 1).

[4] Relevant excerpts of the deposition of Bets Burg are attached to the declaration of Timothy J. Fransen as Exhibit 2.

Page 2 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                4843-4651-3033

Around the same time defendant was trying to contact plaintiff, the police in Chula Vista, California arrested a group of people suspected to be part of an identity theft ring. (*See* Fransen Decl. at Ex. 4). Following the arrests, the police identified plaintiff as a potential victim of the identity theft ring, and impounded the vehicle as evidence. (*See* Fransen Decl. at Exs. 4 & 6). The police were able to contact plaintiff's brother while plaintiff was still sailing, and plaintiff's brother notified plaintiff of the suspected identity theft. (Pl.'s Dep. at 13:19 – 14:8). Plaintiff then got into touch with a Chicago, Illinois attorney he knew, James Charne ("Mr. Charne"). (Pl.'s Dep. at 15:10-13). On plaintiff's behalf, Mr. Charne sent a letter dated October 19, 2016, to defendant ("the October 19, 2016 Letter"). (Fransen Decl. at Ex. 4).

**B.    Defendant Requests Documents to Investigate the Identity Theft Claim**

In response to the October 19, 2016 Letter, on October 26, 2016, a representative from defendant's Dealer Services Fraud Department faxed and/or mailed a letter to Mr. Charne requesting items needed for defendant to properly investigate plaintiff's claim of identity theft ("the October 26, 2016 Letter"). (Fransen Decl. at Ex. 5). Specifically, the October 26, 2016 Letter requested (1) plaintiff to complete a standard identity theft affidavit, in a form substantially similar to the form developed by the Federal Trade Commission; (2) a copy of plaintiff's social security card; (3) a copy of plaintiff's driver's license or other form of identification; and (4) a copy of any relevant police report. (*Id.*). Defendant requested that plaintiff provide this information by November 26, 2016. (*Id.*). Plaintiff failed to respond, however, by November 26, 2016 (or anytime soon thereafter). (Pl.'s Dep. at 23:21-24).

Later on the same day, defendant received a call from the Chula Vista police informing defendant that the vehicle was being held as evidence in an identity theft investigation. (Fransen Decl. at Ex. 6).

/ / /

/ / /

/ / /

Page 3 -    **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                           4843-4651-3033

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

C.    **The 2016 ACDVs**

On or about October 29, 2016, defendant received from Experian an automated consumer dispute verification ("ACDV")[5] relating to the account at issue. (Fransen Decl. at Ex. 7, p. 1). Similar ACDVs were also received from Equifax on October 31, November 14, and November 17, 2016. (Fransen Decl. at Ex. 7, pp. 2-4). Collectively, these four ACDVs are referred to in this motion as "the 2016 ACDVs." All of the 2016 ACDVs showed the following: "Dispute Code: 103 – Consumer claims true identity theft." (Fransen Decl. at Ex. 7). None of the 2016 ACDVs included any of the accompanying information or documents requested in the October 26, 2016 Letter. (*See* Fransen Decl. at Ex. 7).

Pursuant to defendant's policies in place at the time, members of defendant's Dealer Services Credit Bureau Resolution Department investigated the disputes by reviewing each of the 2016 ACDVs, comparing the information in the ACDV with the information in defendant's records, and coordinating with defendant's Fraud Department to determine if a fraud investigation was ongoing and, if so, what the status of the fraud investigation was. (Burg Dep. at 55:8-14). Based on the information available to it at the time, defendant prepared and sent its responses to all four 2016 ACDVs on November 3, November 16, and December 2, 2016. (Fransen Decl. at Ex. 7). Significantly, by the time it had to respond to those ACDVs, defendant had not been provided any of the documents requested from plaintiff in the October 26, 2016 letter – i.e., an identity theft affidavit, plaintiff's driver's license (or other identification), plaintiff's social security card, and the police report. (*See id.*). As a result, defendant's Fraud Department did not have the documents and information necessary to substantiate plaintiff's claim of identity theft.

Because the fraud investigation was still ongoing, and because the name, date of birth, and social security number on each 2016 ACDVs matched the information in defendant's

---

[5] ACDVs are the principal method by which consumer reporting agencies ("CRAs") (such as Equifax) communicate credit reporting disputes made by consumers (such as plaintiff) to furnishers of information (such as Wells Fargo).

Page 4 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                                4843-4651-3033

records relating to plaintiff, defendant did not tell Experian or Equifax to delete the account at issue from plaintiff's credit file. (*See* Fransen Decl. at Ex. 7). Nevertheless, in response to each of the 2016 ACDVs, defendant reported the account as disputed. (*Id.*; Burg Dep. at 56:14-23).

### D.      Plaintiff Provides Some, But Not All, of the Requested Documents

On January 19, 2017, nearly three months after defendant sent the October 26, 2016 Letter, plaintiff sent a letter to defendant in response ("the January 19, 2017 Letter"). (Fransen Decl. at Ex. 8). In the January 19, 2017 Letter, plaintiff provided an identity theft affidavit, a copy of his passport, and a copy of the police report relating to the apparent identity theft. (*Id.*). Plaintiff did not provide a copy of his social security card, as requested in the October 26, 2016 Letter. (*See id.*). Nor did plaintiff inform defendant (at that time) that he did not have a copy of his social security card. (*See id.*). Instead, plaintiff admits that he simply failed to notice that part of the request in the October 26, 2016 Letter. (Pl.'s Dep. at 31:9 – 32:5).

Defendant responded to the January 19, 2017 Letter on or about February 15, 2017 ("the February 15, 2017 Letter"). (Fransen Decl. at Ex. 9). In the February 15, 2017 Letter, defendant informed plaintiff that it was not able to verify plaintiff's claim of identity theft at that time, but asked plaintiff to provide additional information to substantiate the claim. (*Id.*).

Plaintiff did not respond until more than six months later when he purportedly sent a letter dated August 18, 2017 ("the August 18, 2017 Letter"). (Fransen Decl. at Ex. 10). Defendant's records do not show, however, that it ever received (or responded to) the August 18, 2017 Letter, and plaintiff admits that he does not know if defendant received that letter. (Burg Dep. at 144:4-7; Pl.'s Dep. at 48:2-5). In the August 18, 2017 letter, plaintiff purportedly disputed the conclusion defendant reached in the February 15, 2017 Letter, but did not provide any additional information as requested. (Fransen Decl. at Ex. 10).

Plaintiff sent another letter to defendant dated November 3, 2017 ("the November 3, 2017 Letter"). (Fransen Decl. at Ex. 11). The November 3, 2017 Letter recapped some of the prior correspondence between plaintiff and defendant. (*Id.*). But the letter did not provide any

Page 5 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                4843-4651-3033

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

new information, nor did it include a copy of plaintiff's social security card. (*See id.*). In response, defendant sent plaintiff a letter dated November 21, 2017 ("the November 21, 2017 Letter"), which specifically stated that a copy of plaintiff's social security card was still needed, as had been originally requested in the October 26, 2016 Letter. (Fransen Decl. at Ex. 12).

Plaintiff responded to the November 21, 2017 Letter with a letter dated December 1, 2017 ("the December 1, 2017 Letter"). (Fransen Decl. at Ex. 13). In the December 1, 2017 Letter, plaintiff stated – for the very first time – that he does not have a copy of his social security card. (*See id.*).

Meanwhile, throughout this entire period (January through November 2017), defendant attempted several times to discuss its investigation with plaintiff by telephone. (Pl.'s Dep. at 53:22 – 56:3). Plaintiff refused, however, to speak with defendant. (Pl.'s Dep. at 55:22 – 56:3).

**E.     The 2017 ACDVs and the Lawsuit**

From November 19, 2017 to December 15, 2017, defendant received a series of six additional ACDVs ("the 2017 ACDVs"). (Fransen Decl. at Ex. 14). Defendant responded to the 2017 ACDVs between November 24, 2017 and December 22, 2017. (*Id.*). By the time it had to respond to those ACDVs, defendant was not able to complete its investigation of plaintiff's identity theft claim, in part because plaintiff still had not provided a copy of his social security card (and did not tell defendant that he did not have one until the December 1, 2017 Letter). (Burg Dep. at 125:22 – 126:8).

On December 22, 2017, just as defendant was finishing responding to the 2017 ACDVs and before it was able to complete its investigation of the December 1, 2017 Letter, plaintiff filed this lawsuit against defendant and Equifax. Defendant completed its investigation of the December 1, 2017 Letter soon thereafter and, on or about January 30, 2018, defendant voluntarily requested that the CRAs delete the account at issue from plaintiff's credit file. (Fransen Decl. at Ex. 15).

Page 6 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                                                    4843-4651-3033

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

The lawsuit asserts two claims against defendant: (1) a claim that defendant negligently violated the FCRA, and (2) a claim that defendant willfully violated the FCRA, by refusing to delete the tradeline it reported relating to the account at issue in response to the 2016 ACDVs or the 2017 ACDVs. (Complaint [Dkt. 1] at ¶¶ 15-18).

### III.  Summary Judgment Standards

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 853 (9th Cir. 1995).

The moving party "bears the initial responsibility of informing the court of the basis for its motion by identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The moving party, however, need not present any evidence on matters as to which the opposing party bears the burden of proof. *Id*. at 323. On those matters, "[t]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325; *Garneau v. City of Seattle*, 147 F.3d 802, 807 (9th Cir. 1998) ("Summary judgment is . . . appropriate if the [defendant] has pointed out that there is an absence of evidence to support plaintiffs' claim.").

Summary judgment should be entered against a plaintiff who fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

/ / /

/ / /

Page 7 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                                                                    4843-4651-3033

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

## IV.  Discussion

Plaintiff claims that defendant willfully and negligently violated the FCRA by refusing to delete the tradeline it reported relating to the account at issue, in response to any of the 2016 or 2017 ACDVs.  As explained below, however, no reasonable factfinder could conclude that defendant violated the FCRA with respect to the 2016 ACDVs because, at that time, defendant did not have any documentation to properly investigate the alleged identity theft.  Additionally, no reasonable factfinder could conclude that defendant willfully violated the FCRA with respect to the 2017 ACDVs, because there is no evidence of conduct that rises to the level of "willfulness."

**A.     No FCRA Violation Relating to the 2016 ACDVs**

The FCRA imposes certain obligations on furnishers of information.  A private right of action against a furnisher, however, is available only if the furnisher violates the obligations imposed by § 1681s-2(b) of the FCRA.  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).  Under § 1681s-2(b), after receiving a notice of dispute from a CRA, the furnisher must:

> (A)  conduct an investigation with respect to the disputed information;
>
> (B)  review all relevant information provided by the [CRA];
>
> (C)  report the results of the investigation to the [CRA];
>
> . . . . .
>
> (E)  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the reinvestigation promptly --
>
> > (i)   modify that item of information;
> >
> > (ii)  delete that item of information; or
> >
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

Page 8 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                                                  4843-4651-3033

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

The investigation under subparagraph (A) must be "reasonable." *Gorman*, 584 F.3d at 1156. The FCRA does not define what constitutes a reasonable investigation, but the Ninth Circuit has held that it "depends in large part on the allegations provided to the furnisher by the [CRA]." *Id.* at 1160 (internal quotations omitted). Significantly, the investigation need not result in a conclusion favorable to the consumer in order to be "reasonable." *Id.* at 1156, 1161. Nor is an investigation unreasonable simply because it reaches a conclusion that is later determined to be inaccurate. *Id.* In other words, a furnisher is not liable under § 1681s-2(b) simply because it does not delete the tradeline at issue. Instead, the plaintiff must show that the defendant's investigation of the ACDV was unreasonable. *See* 15 U.S.C. § 1681s-2(b)(1)(A); *Gorman*, 584 F.3d at 1156, 1161 .

Here, the allegation provided to defendant in the 2016 ACDVs was that plaintiff was claiming identity theft. None of those ACDVs, however, included additional documents or information to allow defendant to properly investigate the claim. Even so, by the time it had received the first of the 2016 ACDVs (on October 29, 2016), defendant had already requested from plaintiff (through the October 26, 2016 Letter to Mr. Charne) documents to properly investigate plaintiff's claim of identity theft. But plaintiff failed to provide any of the requested documents before defendant was required to respond to the 2016 ACDVs.

Defendant did not have the option of waiting for plaintiff to provide the requested documents before responding to the 2016 ACDVs. The FCRA requires the response to be provided to the consumer within 30 days of the initial dispute *to the CRA* (which may be days before the furnisher even receives the notice of dispute from the CRA). 15 U.S.C. § 1681i(a)(1).

Here, as noted, defendant received the 2016 ACDVs on October 29, October 31, November 14, and November 17, 2016. The ACDVs noted that defendant's responses were due by November 13, November 22, December 7, and December 9, 2016 respectively. At no time before any of those dates did plaintiff provide any of the documents defendant had requested in

Page 9 -   **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

4843-4651-3033

**Cosgrave Vergeer Kester LLP**
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

the October 26, 2016 Letter (asking for a response by November 26, 2016), for defendant to properly investigate plaintiff's claim of identity theft.

Without any of the requested documents, no reasonable factfinder could conclude that defendant's investigation of the 2016 ACDVs was unreasonable. *See Gorman*, 584 F.3d at 1158 (holding that furnisher's investigation of identity theft claim was reasonable, as a matter of law, under similar circumstances). The court, therefore, should grant summary judgment to defendant on both of plaintiff's claims to the extent the claims relate to the 2016 ACDVs.

### B.     No "Willful" Violation

A "willful" violation of the FCRA includes knowing violations, and actions taken in reckless disregard of statutory obligations. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56-57 (2007); *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017). Actions are "reckless" if they carry "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Burr*, 551 U.S. at 68 (internal quotation omitted); *see also Banga v. First USA, NA*, 29 F.Supp.3d 1270, 1278 (N.D. Cal. 2014) ("even when a court disagrees with a party's reading of the FCRA, it may not impose liability for a reckless . . . violation of the statute unless that party's reading is 'objectively unreasonable'"). Plaintiff has the burden of proving "willfulness" under the FCRA. *Syed*, 853 F.3d at 503.

Here, defendant had policies in place to comply with its obligation under the FCRA to conduct a reasonable investigation of ACDVs claiming identity theft. (Burg Dep. at 10:11-18). Pursuant to those policies, defendant requested documents from plaintiff back in October 2016, to properly investigate his identity theft claim. (Fransen Decl. at Ex. 5). But plaintiff did not timely respond to those requests, thereby preventing defendant from completing its investigation. Subsequently, plaintiff provided several (but not all) of the requested documents. Eventually, more than a year after defendant first requested the documents, plaintiff informed defendant (for the first time) that he did not have a copy of the missing document (social security card). Less

Page 10 -  **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                                                                4843-4651-3033

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

than two months later, defendant requested that the CRAs delete the tradeline at issue from plaintiff's credit file.

Stated differently, defendant was simply trying to properly investigate plaintiff's identity theft claim by requesting documents substantiating the claim. It took more than a year for plaintiff to provide most of the requested documents *and* inform defendant that he did not have a copy of one of the requested documents. In the meantime, plaintiff rejected defendant's attempts to discuss the investigation with him by phone.

Given those facts, no reasonable factfinder could conclude that defendant took actions known to violate the FCRA. Nor could any reasonable factfinder conclude that defendant's actions carried an unjustifiably high risk of harm that is either known or so obvious that it should be known. Plaintiff's claim for "willful" violation of the FCRA, therefore, fails as a matter of law.

## Conclusion

The court should grant summary judgment to defendant on (1) both of plaintiff's claims to the extent they relate to the 2016 ACDVs; and (2) plaintiff's claim for willful violation of the FCRA.

DATED: March 4, 2019

                                                     COSGRAVE VERGEER KESTER LLP

                                                    */s/ Timothy J. Fransen*
Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
Telephone: (503) 323-9000
Fax: (503) 323-9019

Attorneys for Defendant
Wells Fargo Bank, N.A.

Page 11 - **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**    4843-4651-3033

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** on the date indicated below by:

- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the document(s) generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Michael Fuller
Olsen Daines PC
111 SW Fifth Avenue, Suite 3150
Portland, OR 97204

Robert S. Sola
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, OR 97201

Kelly D. Jones
Attorney at Law
819 SE Morrison Street, Suite 255
Portland, OR 97214
    Attorneys for Plaintiff

DATED: March 4, 2019

                                                              */s/ Timothy J. Fransen*
                                                              Robert E. Sabido
                                                              Timothy J. Fransen

Page 1 - **CERTIFICATE OF SERVICE**

4843-4651-3033