IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MATTHEW SPONER,  No. 3:17-CV-02035-HZ

          Plaintiff,

   v.

EQUIFAX INFORMATION SERVICES  OPINION & ORDER
LLC, WELLS FARGO BANK N.A.,

          Defendants

Kelly D. Jones
819 SE Morrison St.
Suite 255
Portland, OR 97214

Michael R. Fuller
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, OR 97204

Robert S. Sola
1500 SW First Avenue
Suite 800
Portland, OR 97201

    Attorneys for Plaintiff

Timothy J. Fransen
Robert E. Sabido
Cosgrave Vergeer Kester, LLP
500 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

    Attorneys for Wells Fargo Bank N.A.

HERNÁNDEZ, District Judge:

Before the Court is Plaintiff's motion for a protective order [30]. For the following reasons, the Court GRANTS the motion.

## BACKGROUND

Plaintiff brings claims against defendant Wells Fargo Bank, N.A. for alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Wells Fargo did not tell Equifax to remove an account from Plaintiff's consumer credit report even after it was notified that the account was fraudulently opened with Plaintiff's stolen identity. Compl. ¶¶ 6-10, ECF 1. Relevant to this motion, the complaint alleges that Plaintiff "suffered and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities." Compl. ¶¶ 13, 15.

At issue is Defendant's request for the production of documents. In relevant part, Defendant requested:

> All documents relating to any medical treatment or consultation that you have sought, from 2013 to the present, for emotional distress, stress, anxiety, and/or other similar emotions.

Fransen Decl., Ex. 1, ECF 36. In response, Plaintiff argued the request was overbroad, "[sought] information protected by the doctor patient privilege, and [was] not relevant . . . to the claims against Wells Fargo, as Plaintiff is not seeking damages for any medical treatment." *Id.*

On January 28, 2019, this Court ordered Plaintiff's counsel to determine whether Plaintiff had received treatment for emotional distress during the relevant time period. Tr. of Telephone Conference at 11. The Court told counsel that if these records existed, and if counsel believed these records were protected by privilege, the Court would decide that issue following briefing from both parties. *Id.* at 13. Counsel obtained the treatment records at issue and moved for a protective order. The Court has not previously ruled on this issue.

## STANDARDS

Under Rule 26(b), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Under Rule 26(c)(1), the Court may issue a protective order to prevent certain discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]"

## DISCUSSION

Plaintiff seeks a protective order to prevent the discovery of medical and psychological records responsive to Defendant's request for documents related to Plaintiff's treatment for emotional distress. Plaintiff argues these records are protected by the physician-patient and psychotherapist-patient privileges.[1]

---

[1] No federal physician-patient privilege protects medical records from discovery. *In re Grand Jury Proceedings*, 867 F. 2d 562, 564 (9th Cir. 1989) (noting the Ninth Circuit's refusal to adopt a physician-patient privilege), abrogated on other grounds by *Jaffee v. Redmond*, 518 U.S. 1 (1996). However, Defendant is not entitled to medical records that are not related to Plaintiff's mental condition, as they are not relevant to the case at hand. Defendant is also not entitled to records related to "the course of diagnosis or treatment" of a mental health condition, as those records are protected under the psychotherapist privilege, discussed in depth below.

In *Jaffee v. Redmond*, the Supreme Court recognized a federal psychotherapist-patient privilege. 518 U.S. 1, 15 (1996). The privilege can be waived by a plaintiff's claim for emotional distress. While "the extent to which a plaintiff's claim for emotional-distress damages constitutes a waiver of the plaintiff's psychotherapist-patient privilege is not yet settled in this Circuit," there are three approaches that courts generally follow:

> (1) the broad approach—plaintiff waives the privilege merely by alleging emotional distress in the complaint; (2) the middle approach—plaintiff waives the privilege by alleging either a separate tort of distress or unusually severe emotional distress (i.e., more than "garden variety" emotional distress); or (3) the narrow approach—plaintiff waives the privilege by affirmatively relying on the psychotherapist-patient communication.

*Tran v. Wells Fargo Bank, N.A.*, 2017 WL 1234131, *3 (D. Or. Jan. 20, 2017) (citing *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636–38 (N.D. Cal. 2003).

Whether proclaiming to apply the "middle" or "narrow" approach, courts in this district generally ask whether a plaintiff has alleged "garden variety" emotional distress damages. *See, e.g.*, *Arjangrad v. JPMorgan Chase Bank, N.A.*, 2011 WL 13253324, *6-7 (D. Or. Oct. 19, 2011). Garden variety emotional distress has been described as "'ordinary or commonplace emotional distress,' that which is 'simple or usual,' or 'humiliation, embarrassment, anger, and other similar emotions.'" *Id.* at *7 (quoting *Fitzgerald*, 216 F.R.D. at 637). As explained by Judge Papak, "the well-accepted principle that whether a plaintiff's emotional response is 'garden variety' depends on the harm to which that plaintiff was allegedly subjected." *Id.* (citing *Kunstler v. City of New York*, 2006 WL 2516625, *9 (S.D.N.Y. 2006) (garden variety emotional distress is "the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized")).

Here, on the record at hand, the Court finds that Plaintiff has not waived the psychotherapist privilege. Plaintiff has represented to the Court that he does not intend to

introduce medical records relevant to his emotional distress or rely on the testimony of a psychotherapist or physician at trial. He does not seek damages for medical treatment. He has not brought a claim for intentional or negligent infliction of emotional distress. And, he has alleged no more than garden variety emotional distress.

In his complaint, Plaintiff seeks "actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, emotional distress and interference with plaintiff's normal and usual activities." Compl. ¶¶ 13, 15. He makes no allegations relevant to his claims of emotional distress. In a supplemental response to the Defendant's interrogatory dated February 26, 2019, Plaintiff alleged "physical harm," described in an email as "the effects of the emotional distress such as headaches, fatigues and loss of sleep." Fransen Decl. Ex. 4. However, that supplemental response was amended on March 7, 2019, and Plaintiff no longer alleges physical harm from the effects of the emotional distress. Sola Decl. Ex. 1 at 2, ECF 31.

Defendant argues that Plaintiff's deposition reveals more than garden variety emotional distress. Def. Resp. 9. The Court notes that Defendant identifies deposition answers that are explicitly responsive to damages related to "interference with Plaintiff's normal and usual activities," rather than emotional distress.[2] To the extent these damages overlap, Plaintiff's responses allege only general "frustration" and "distraction." For example, Plaintiff states he felt frustration when dealing with Wells Fargo. Fransen Decl. Ex. 5 at 5. Plaintiff also states he "felt like it was a huge distraction" and he "didn't like that he had to be spending so much time with . . . this project" instead of with his daughter who has a severe intellectual disability. *Id.* at 3. "Frustration" and "distraction," like "humiliation, embarrassment, and anger," are the simple or

---

[2] Oregon jury instructions consider "emotional distress" and "interference" with "normal and usual activities" to be two distinct categories of non-economic damages, and the Court assumes that Plaintiff's complaint is intended to track this language. *See* Or. Uniform Civil Jury Instr. 70.02(2). The Court did not find the Ninth Circuit model jury instructions to be instructive.

usual types of distress that any healthy, well-adjusted person would likely feel as a result of the allegations at issue. The parties point the Court to no other allegations of emotional distress. Thus, Plaintiff alleges only garden variety emotional distress and Defendant is not entitled to discover Plaintiff's psychological records.

In a final footnote, Defendant asks that "[i]n the event the court grants plaintiff's motion, the court should still allow defendant to reopen plaintiff's deposition." Def. Resp. 10 n.6. The request is denied absent a showing of good cause.

## CONCLUSION

The Court GRANTS Plaintiff's motion for a protective order.

Dated this 26 day of April, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge