IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MATTHEW SPONER,　　　　　　　　　　　　　　　No. 3:17-cv-02035-HZ

        Plaintiff,

   v.

EQUIFAX INFORMATION SERVICES,　　　　　　　OPINION & ORDER
LLC and WELLS FARGO BANK N.A.,

        Defendant.

Michael Fuller
OlsenDaines
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204

Robert S. Sola
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201

Kelly D. Jones
The Law Office of Kelly D. Jones

    Attorneys for Plaintiff

Robert E. Sabido
Timothy J. Fransen
Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204

Attorneys for Defendant Wells Fargo Bank, N.A.

HERNÁNDEZ, District Judge:

Plaintiff Matthew Sponer brings this action against Defendant Wells Fargo, alleging failures to comply with the requirements of the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681 et seq. Before the Court is Defendant's motion for partial summary judgment. For the reasons that follow, the Court DENIES Defendant's motion.

## BACKGROUND

Plaintiff is a victim of identity fraud. In the summer of 2016, while Plaintiff was on an extended trip out of the country, his identity was used to purchase a car from a dealer in California. Fransen Decl. Ex. 3, 4, ECF 29. That purchase was financed by a loan from Wells Fargo Dealer Services, a division of Wells Fargo. Sola Decl. Ex. 1, ECF 38.

Plaintiff learned of the fraud when police in California arrested the man they believed had used Plaintiff's identity to obtain the Wells Fargo loan. *See* Fransen Decl. Ex. 4, 6. Upon learning of the fraud, Plaintiff's attorney faxed a letter to Wells Fargo. Sola Decl. Ex. 4. In this letter, the attorney explained that Plaintiff's identity had been stolen and that police had already arrested a suspect. *Id.* He provided the contact information for Detective Tugashov, who he said could confirm this information. *Id.*

On the day that Wells Fargo received Plaintiff's letter, it prepared a "Suspected Unusual Activity Form." Sola Decl. Ex. 5. The form listed Plaintiff's name, address, social security number, and the contact information for Plaintiff's attorney. *Id.*

On October 26, 2016, Wells Fargo spoke with, and sent a letter to, Plaintiff's attorney. Sola Decl. Ex. 7 at 5, Fransen Decl. Ex. 5. This letter requested a (1) standard identity theft affidavit; (2) copy of Plaintiff's social security card; (3) copy of Plaintiff's driver's license or other form of identification; and (4) copy of any relevant police report. Fransen Decl. Ex. 5. Defendant asked that this information be provided by November 26, 2016. *Id.*

That same day, Wells Fargo also spoke with Detective Tugashov. Fransen Decl. Ex. 6. Detective Tugashov confirmed that he was investigating the case. *Id.* He told Wells Fargo that a suspect had used Plaintiff's stolen identity to finance the purchase of a car, and that once the case was over, the car would be released to Wells Fargo. Fransen Decl. Ex. 4, 6.

Wells Fargo stayed in contact with police throughout November and December of 2016. Sola Decl. Ex. 7. On November 3, 2016, for example, Detective Tugashov told Wells Fargo that the suspect had pled guilty and was scheduled to be sentenced. *Id.* at 4. He again confirmed that the car could be released to Wells Fargo after the suspect was sentenced. *Id.* On December 13, 2016, Wells Fargo made the following internal note:

> Detective Edward Tugashov from Chula Vista Police Department informed us that this was determined to be fraud **unit purchased by a Jason Yachum [sic] after he supposedly stole our customers identity. This person is in custody as of 11/3/16. Our unit is being held as evidence pending sentencing which has now been rescheduled to 1/9/17.

Sola Decl. Ex. 7 at 2.

During this period of time, Plaintiff also submitted disputes to various credit reporting agencies (CRAs), including Equifax and Experian. Sola Decl. Ex. 8, 9, 10, 11. On or around October 29, 2016, Wells Fargo received the first Automated Consumer Dispute Verification

//
//
//

notice ("ACDV")[1] from Experian. Fransen Decl. Ex. 7. The ACDV explained that "Consumer claim[ed] true identity fraud." *Id.* at 1. Wells Fargo received three more ACDVs over the next three weeks. Sola Decl. Exs. 9, 10, 11. Between November and December, Wells Fargo responded to all four ACDVs by indicating that the account belonged to Plaintiff. Sola Decl. Ex. 12 at 1-4.

In January 2017, the identity thief was sentenced, and the car returned to Wells Fargo. Sola Dec. Ex. 14 at 115-17; Ex. 7 at 1. On January 19, 2017, Plaintiff responded to Wells Fargo's earlier request for information with another letter disputing the fraudulent account. Sola Decl. Ex. 15. This letter included a copy of a police report and an FTC Identity Theft Victim's Complaint and Affidavit. *Id.* It did not include a copy of Plaintiff's social security card or driver's license. *Id.* On February 15, 2017, Wells Fargo responded by letter, stating it "ha[d] verified that the information being sent to the consumer credit reporting agencies on this account is accurate." Sola Decl. Ex. 16.

In the following months, Plaintiff sent three more dispute letters, reiterating his claims and attaching various pieces of documentation. Sola Decl. Ex. 17, 18, 22. In his final letter, he explained that he did not have access to a copy of his social security card, but that he thought Defendant had more than enough information to investigate. Sola Decl. Ex. 22. On December 5, 2017, Wells Fargo finally stated that it had reviewed his concerns and "our research is

//

//

---

[1] "ACDVs are the principal method by which consumer reporting agencies ("CRAs") (such as Equifax) communicate credit reporting disputes made by consumers (such as plaintiff) to furnishers of information (such as Wells Fargo)." Def. Mot. 4 n.5.

complete." Ex. 23 at 1. On December 22, 2017, Plaintiff filed a complaint in federal court. ECF 1.[2]

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if there is no genuine issue material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015)).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet this initial burden, a moving party without the burden of proof at trial need only point to the absence of evidence supporting the nonmoving party's claim. *Id.* at 325.

Once that initial burden is satisfied, the burden then shifts to the nonmoving party to demonstrate that there remains a genuine issue of material fact to be tried. *Id.* at 323. A nonmoving party with the burden of proof at trial must move beyond mere allegations and set forth affidavits, declarations, motions, or other evidentiary materials from the record to establish the essential elements of its claim. *Id.* at 324.

All reasonable doubts as to the existence of a genuine issue of material fact must be resolved in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors, LLC v.*

---

[2] Defendant, in its reply, objects to Plaintiff's exhibit 13 (block notice from TransUnion). The Court did not consider the exhibit in resolving this motion and therefore declines to rule on Defendant's objection at this time.

*Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (internal quotation marks omitted); *see also Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985) ("Even where the basic facts are stipulated, if the parties dispute what inferences should be drawn from them, summary judgment is improper.").

## DISCUSSION

Under § 1681s-2(b)(1) of the FCRA, upon notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," a furnisher of credit shall:

> (A) conduct an investigation with respect to the disputed information; [and]
>
> . . .
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
> >   (i) modify that item of information;
> >   (ii) delete that item of information; or
> >   (iii) permanently block the reporting of that item of information.

Plaintiff charges Defendant—a furnisher of credit—with willfully (1) failing to conduct a reasonable investigation into his disputes, and (2) failing to delete information that was inaccurate, incomplete, or that could not be verified. In this motion for partial summary judgment, Defendant argues that no reasonable factfinder could conclude (1) that, with respect to the 2016 ACDVs only, Defendant's investigation was unreasonable, or (2) that, at any point, Wells Fargo willfully violated the FCRA.

//

//

**1. Reasonable Investigation**

Under § 1681s-2(b)(1)(A), a furnisher must conduct a *reasonable* investigation when it receives notice of a dispute from a CRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). "By its ordinary meaning, an 'investigation' requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute." *Id.* at 1155. Whether an investigation is reasonable depends on the facts of the case. *Id.* at 1160. Summary judgment is "generally an inappropriate way to decide questions of reasonableness because 'the jury's unique competence in applying the "reasonable man" standard is thought ordinarily to preclude summary judgment.'" *Id.* at 1157 (citations omitted); *Thomasian v. Wells Fargo Bank, N.A.*, No. 03:12-cv-01435-HU, 2014 WL 1244892 (D. Or. Mar. 25, 2014). Summary judgment on questions of reasonableness is appropriate "when only one conclusion about the conduct's reasonableness is possible." *Gorman,* 584 F.3d at 1157 (citations omitted).

Defendant does not contest that it received notice of the dispute and was therefore required to conduct a reasonable investigation. The parties also do not appear to contest the relevant facts, at least for the purposes of this motion. However, the parties focus on different actions—taken by different departments within Wells Fargo—in their arguments as to whether Defendant's investigation was reasonable as a matter of law.

Plaintiff focuses on the the credit bureau resolution department's actions in his discussion of the relevant investigation. Employees from this department testified that, upon receipt of the 2016 ACDVs, they compared the information provided by the CRAs (including Plaintiff's name, address, date of birth, and social security number) with the information they had on file. Sola Ex.

29, 30, 31. They did not contact the fraud department about the identity theft. *Id.*[3] Other courts have denied summary judgment on similar facts. *See Thomasian v. Wells Fargo Bank, N.A.*, 2014 WL 1244892 (D. Or. Mar. 25, 2014).

While Defendant's briefing is somewhat inconsistent, Defendant appears to focus on the actions of the fraud department. Defendant argues that the fraud department, rather than the credit bureau resolution department, investigates identity theft claims, and that no jury could find the fraud department's investigation unreasonable. Def. Reply 5.

Even taking Defendant's position—that the fraud department conducted the relevant investigation—Defendant's motion fails. The fraud department took a single action to investigate the disputes: it requested, via letter, that Plaintiff provide it with additional information, including a (1) standard identity theft affidavit; (2) copy of Plaintiff's social security card; (3) copy of Plaintiff's driver's license or other form of identification; and (4) copy of any relevant police report. Defendant then argues that "without any of the requested documents, no reasonable factfinder could conclude that defendant's investigation of the 2016 ACDVs was unreasonable." Def. Mot. 10. In other words, Defendant appears to argue that its statutory obligation to conduct a reasonable investigation was extinguished when Plaintiff failed to provide—in the short timeframe demanded—the specific documents it requested.

---

[3] Defendant objects to this employee testimony. Specifically, Defendant writes: "To the extent the court is willing to resolve these objections now, defendant moves to strike from the depositions at issue the questions and answers to which the objections were directed. Plaintiff should not be allowed to avoid summary judgment by using vague and imprecise terminology to confuse non-managerial employees into testifying a certain way during their depositions." Def. Reply 5. Defendant fails to cite any relevant case law or even the testimony and objections at issue. Given that Defendant has failed to develop this argument—and that the Court does not rely on this testimony in this opinion—the Court declines to rule on this objection at this time.

Defendant cites no law that supports such a bright line rule. And the facts do not support such a conclusion here. Defendant does not explain the significance of the requested information, or why it was necessary to obtain this information before conducting any further investigation. Instead, Defendant argues only that this "basic information" was needed to "properly investigate" the validity of Plaintiff's identity theft claim. Def. Reply 9.

Even if Defendant had explained why it needed this information, the Court notes that Defendant had all—or nearly all—the requested information already in its possession. For example, it appears that Plaintiff's attorney (who was also acting under a power of attorney) confirmed Plaintiff's social security number on October 19, 2016. Sola Decl. Exs. 4, 5. And in fact, Plaintiff was a long-standing customer of Wells Fargo, with open, and uncontested, checking and credit accounts. Sola Decl. Ex. 4. While Plaintiff did not provide Defendant with a "fraud affidavit" or copy of the police report in the requested timeframe, Plaintiff did provide Defendant with the contact information of a detective working the identity theft case in California. This detective confirmed that Plaintiff's identity had been stolen and used to finance the purchase of a car from Wells Fargo. He also told Defendant, on multiple occasions, that the suspect was in custody and had pled guilty. Sola Decl. Ex. 7. He explained that the car at issue was being held as evidence and would be released to Defendant after the sentencing. Sola Decl. Ex. 7.

Thus, without further argument as to why or how the information was necessary to an investigation, the Court is not convinced the facts here support Defendant's conclusion. A jury could reasonably find that Defendant's "investigation" into the 2016 ACDVs was not reasonable. Because a jury could find the investigation not reasonable, Court denies the motion on this issue.

### 2. Willful Violations

A defendant acts willfully when it exhibits a "reckless disregard of statutory duty," or takes actions "known to violate" the FCRA. *Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). An action is reckless when it carries "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of Am.*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Willfulness under the FCRA is generally a question of fact for the jury. *Ashby v. Farmers Ins. Co.*, 565 F. Supp. 2d 1188, 1206 (D. Or. 2008) ("Courts that have addressed the issue have held uniformly that whether a FCRA violation is willful is a matter for the jury.").

Here, a jury could find Defendant's actions reckless. Defendant was notified by Plaintiff, via his attorney, that Plaintiff's identity had been stolen and fraudulently used to finance the purchase of a car. Wells Fargo confirmed this information with a detective working the case in California. The detective told Defendant that a suspect had been arrested and the car recovered. The detective also told Defendant that the suspect had pled guilty and the car would be released once he was sentenced. And, after he was sentenced, the car was *in fact* released to Wells Fargo. Yet Wells Fargo still maintained, in its responses to the ACDVs, that the fraudulent account— used to purchase the recovered car—belonged to Plaintiff.

Defendant argues it had policies in place to comply with the FCRA and rehashes its argument that Plaintiff failed to provide the requested information in the specified timeframe. Defendant does not explain what those policies were or cite evidence that the letter at issue was sent pursuant to any policy. Regardless, with the information that Defendant *did* have in its possession—as well as the Court's conclusion that a reasonable jury could find that Defendant did not conduct a reasonable investigation—a reasonable jury could also find that Defendant

recklessly reported the account as "verified" without obtaining sufficient documentation to support that determination. The Court therefore denies the motion on this issue.

## CONCLUSION

Defendant's motion for partial summary judgment [28] is DENIED.

IT IS SO ORDERED.

Dated this ___7___ day of ___June___ 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge