Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Julie A. Smith, OSB No. 983450
jsmith@cosgravelaw.com
Daniel C. Peterson, OSB No. 064664
dpeterson@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

Attorneys for Defendant Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTHEW SPONER,<br><br>                    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC<br>and WELLS FARGO BANK N.A.,<br><br>                    Defendants. | Case No. 3:17-cv-2035-HZ<br><br>**Defendant Wells Fargo Bank, N.A.'s<br>MOTIONS IN LIMINE** |

### LR 7-1 Certification

The parties conferred on these motions as required by LR 7-1.  Defendant Wells Fargo

Bank, N.A. (defendant) indicates in each motion whether it is opposed or unopposed.

### Motions

Defendant requests an order granting the following motions in *limine*.

Page 1 – **Defendant's Motions in Limine**

**Motion 1:    Exclude evidence about and references to defendant's financial condition, net worth, or income.  *(OPPOSED)***

A number of states expressly allow a plaintiff to offer evidence of the defendant's wealth to support a claim for punitive damages *under state law*.  *See, e.g., Hayes Oyster Co. v. Dulcich*, 199 Or. App. 43, 57-58, *rev. den.*, 339 Or. 544 (2005) (recognizing that, under Oregon law, the wealth of a defendant is a relevant consideration in assessing punitive damages).  And when a federal court sits in diversity, it applies substantive state law to the cases before it.  In this case, however, the court is not sitting in diversity.  Its jurisdiction is based on a federal statute – the Fair Credit Reporting Act (FCRA) – which allows the court to award punitive damages if the FCRA has been willfully violated.  The question before the court, then, is whether evidence of the defendant's financial condition, net worth, or income should be allowed to support a claim for punitive damages under the FCRA.  The answer to that question is "no."

As a number of federal judges, including Supreme Court Justice Sandra Day O'Connor, have recognized, allowing evidence of wealth is "*unwise if not irrational . . . especially where the defendant is a corporation.*"  *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 492 (1993) (O'Connor, J., dissenting) (emphasis added); *Zazú Designs v. L'Oreál, S.A.*, 979 F.2d 499, 508-509 (7th Cir. 1992); *Yund v. Covington Foods, Inc.*, 193 F.R.D. 582, 589 (S.D. Ind. 2000).  Rather, consistent with the usual practice with respect to fines, only *the defendant* should be allowed to offer evidence of its own wealth and only for the purpose of arguing that punitive damages should be waived or lowered based on the defendant's poverty.  *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996).  The plaintiff, on the other hand, should not be able to argue for an increase in punitive damages based on the defendant's wealth, particularly where, as here, the defendant is a big business.  *Zazú Designs*, 979 F.2d at 508-509; *see also Yund*, 193 F.R.D. at 589 (following *Kemezy* and *Zazú Designs* and holding that "a corporate defendant's net worth is irrelevant to the assessment of punitive damages against it").

Punitive damages have dual purposes.  They are awarded to punish the defendant and to deter it and others from engaging in the wrongful conduct in the future.  Neither purpose is

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

served if a jury relies on the wealth of a defendant in imposing punitive damages where, as here, the defendant is a large business. As the Supreme Court has repeatedly cautioned, allowing evidence of the defendant's wealth is problematic because it "increase[s] the risk that the award may [be] influenced by prejudice against large corporations," *TXO Prod. Corp.*, 509 U.S. at 464, and will be used "to express biases against big businesses, particularly those without strong local presences." *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 432 (1994); *see also* Fed. R. Evid. 401, 402, 403.[1]

Defendant is a big business without a strong, local presence. It is also a big business that has been the subject of recent media reports and litigation unrelated to this case. In light of these considerations, and because evidence of defendant's wealth is not *required* under the FCRA,[2] the court should exclude evidence and arguments about defendant's financial condition, net worth, or income.

**Motion 2:    Limit evidence of or references to defendant's financial condition to its current condition.** *(OPPOSED)*

As an alternative to the motion to exclude evidence of defendant's financial condition altogether, defendant moves to limit the evidence to its *current* financial condition. *See Cataldi v. Siracusano*, 2012 WL 870222, at *2 (D. Nev. Mar. 14, 2012) (recognizing, in a diversity case decided under Nevada law, that "only the defendant's current financial condition is relevant to the issue of punitive damages").

---

[1]  To be sure, the Supreme Court has not been willing to go so far as to declare a jury's reliance on the defendant's wealth *unconstitutional*, and thus has not prohibited evidence of the defendant's wealth when substantive *state law* requires or allows it. *See, e.g., TXO Prod. Corp.*, 509 U.S. at 462 and n.28, 464 (concluding that evidence of wealth did not violate due process in state law cause of action). But saying that using evidence of wealth is not unconstitutional is not the same as saying that evidence of wealth should be allowed when it is not specifically required, let alone in cases involving large corporations accused of violating federal law. Although it has hinted at the answer, the Supreme Court has not had occasion to decide *that* question.

[2]  Under another federal consumer protective statute, the Fair Debt Collection Practices Act (FDCPA), "by contrast, evidence of the defendant's net worth is not optional; the plain language of the statute requires it." *Tourgeman v. Nelson & Kennard*, 900 F.3d 1105, 1110 (9th Cir. 2018) (distinguishing *Kemezy* because it was not an FDCPA case).

Page 3 – **Defendant's Motions in Limine**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**Motion 3:**   **Exclude evidence about and references to other "bad acts" by defendant, past or present claims or lawsuits involving defendant, harm to anyone other than plaintiff, or other events involving defendant that have been the subject of media attention.** *(OPPOSED)*

Counsel for plaintiff appears to have a personal vendetta against defendant. His social media accounts are replete with references to his disdain for the bank. These include, for example, the following postings, which were made after the complaint in this case was filed:



Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Defendant moves the court to instruct plaintiff and his counsel not to make direct or indirect disparaging or argumentative comments about defendant's reputation or present or past involvement in other lawsuits. *See* Fed. R. Evid. 401, 402, 403, 404(b). Plaintiff may argue that such references should be allowed because plaintiff is seeking punitive damages. But that is incorrect. As the Supreme Court explained in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003), "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis."

**Motion 4:     Exclude evidence about and references to whether defendant should have or failed to apologize or acknowledged its (alleged) errors.  *(OPPOSED)***

The court should exclude any evidence about and references to whether defendant should have or failed to apologize or otherwise acknowledge its errors. Similarly, the court should exclude any evidence about and references to the timing of defendant's admission of negligence with respect to its 2017 automated credit dispute verification (ACDV) responses. The existence or timing of an apology or admission is irrelevant and therefore inadmissible. Even if it is marginally relevant, allowing evidence or references about these things would be unfairly prejudicial to defendant. *See* Fed. R. Evid. 401, 402, 403.

**Motion 5:     Exclude evidence about and references to attorney's fees or costs, or to the existence of a contingent fee agreement between plaintiff and his counsel.  *(UNOPPOSED)***

Any reference to attorney's fees or costs incurred by either party in this case, or to the existence of a contingent fee agreement between plaintiff and his counsel, should be excluded as irrelevant. Even if the evidence or references were marginally relevant, references to attorney fees or to a contingent fee agreement would be unfairly prejudicial to defendant. *See* Fed. R. Evid. 401, 402, 403. Counsel for plaintiff has attempted to insert such matters into other trials

Page 5 – **Defendant's Motions in Limine**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

*indirectly*, including by reminding jurors *not* to consider such things – for example, telling jurors they should not consider whether plaintiff will have to share the damages award with plaintiff's counsel. The court should further exclude indirect references of this sort.

**Motion 6:** **Exclude evidence about and references to any obligations defendant might have beyond obligations triggered by the ACDVs it received. *(OPPOSED)***

The FCRA creates a private right of action for violating the requirements in 15 U.S.C. § 1681s-2(b). 15 U.S.C. § 1681-2(c) (limiting liability to subsection (b)); *see* 15 U.S.C. §§ 1681n, 1681o. Although the FCRA imposes other requirements on "furnishers of information" like defendant, violating those other requirements does not give rise to a private right of action. *See id.* Thus, evidence about and references to those other requirements should be excluded as irrelevant. Even if marginally relevant, any marginal relevance is far outweighed by the danger of unfair prejudice and the risk of confusing the jury. *See* Fed. R. Evid. 401, 402, 403.

**Motion 7:** **Exclude evidence about and references to alleged economic losses/damages, including those associated with (1) lost opportunity to obtain credit, or (2) damage to plaintiff's reputation. *(OPPOSED)***

In the operative complaint, plaintiff alleges that he is entitled to damages for "economic loss, lost opportunity to receive credit, damage to reputation, [and] emotional distress and interference with plaintiff's normal and unusual activities." Plaintiff failed, however, to file an itemized list of economic damages, as required by the court's June 11, 2019 Jury Trial Management Order. Accordingly, the court should exclude evidence and arguments on alleged economic losses/damages, including economic losses associated with (1) lost opportunity to obtain credit, and (2) damage to plaintiff's reputation.

**Motion 8:** **Exclude evidence about or references to defendant having liability insurance. *(UNOPPOSED)***

All references to defendant having liability insurance, direct or indirect, should be excluded as irrelevant and unfairly prejudicial to defendant. *See* Fed. R. Evid. 401, 402, 403. Counsel for plaintiff has attempted to *indirectly* insert such matters into other trials, including

Page 6 – **Defendant's Motions in Limine**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

(for example) by reminding jurors *not* to consider whether defendant had insurance.  Indirect references of this sort are equally improper and should be excluded.

**Motion 9:      Exclude expert testimony regarding any legal conclusions or interpretation of case law.  *(OPPOSED)***

Despite significant disclaimers that they are not attorneys, plaintiff's experts Evan Hendricks and Thomas Tarter spend considerable portions of their expert reports purporting to provide legal conclusions and interpret case law.  They are not qualified to do so and any such testimony should be excluded.  "[A]n an expert witness cannot give an opinion as to [their] legal conclusion, i.e., an opinion on an ultimate issue of law."  *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (Citations Omitted).

This exclusion should extend to the use of legal terminology, such as that used in plaintiff's experts' reports, including: "willful violation"; "reckless disregard"; "callous and reckless"; "willfully"; "recklessly"; "negligently", and various combinations of those terms.  Those words, and similar terms, have specific legal meanings within the context of the FCRA, and their use would be tantamount to providing a legal opinion.  *See, e.g., Anderson v. Wells Fargo Bank, N.A.*, 2018 WL 3426269 at *18 (N.D. Texas, June 13, 2018) (Slip Opinion) (striking testimony from Thomas Tarter that contained "legal terminology and conclusions").

Similarly, plaintiff's experts should not testify that various legal opinions cited in their reports put defendant "on notice" that its procedures were unreasonable based on those legal opinions.  Again, this interpretation of case law is not appropriate for expert testimony.

**Motion 10:      Exclude expert testimony regarding emotion distress damages and damages that an individual *could* suffer.  *(OPPOSED)***

Neither of plaintiff's experts have any special training in medicine, psychology, or economics.  Accordingly, any testimony related to plaintiff's emotional distress damages should not be allowed from plaintiff's experts.  *See Anderson v. Wells Fargo Bank, N.A.*, 2018 WL 3426269 at *17 (N.D. Texas, June 13, 2018) (Slip Opinion) (striking testimony from Thomas Tarter as to emotional distress and psychological damages); *Anderson v. Equifax Information*

Page 7 – **Defendant's Motions in Limine**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

*Services, LLC*, 2018 WL 1542322 at *5 (D. Kan. Mar. 29, 2018) (excluding testimony from Evan Hendricks related to emotional distress and psychological damages).

In addition, plaintiff's experts' testimony related to damages that an individual in a similar situation to plaintiff *could* suffer should be excluded. Mr. Hendricks, in particular, spends a considerable portion of his report analyzing the types of injuries a person *could* suffer as the result of inaccurate credit reporting. In addition to not having the medical training to opine on emotional distress damages, such opinions of hypothetical harm that could befall a hypothetical individual are not relevant to the actual damages alleged by plaintiff. In fact, Mr. Hendricks himself acknowledged in his report that "most, if not all, of the testimony regarding plaintiff's specific damages will come from fact witnesses." Plaintiff's experts' testimony on this topic will not aid the finder of fact.

**Motion 11:    Exclude expert testimony regarding topics not set forth in their expert reports.  *(OPPOSED)***

Plaintiff's experts' testimony should be limited to those topics contained in their written reports (unless otherwise excluded). For example, neither of plaintiff's experts have included an opinion on what a reasonable investigation under the FCRA would entail. They, then, should be precluded at trial from testifying to what would be a reasonable investigation.

**Motion 12:  Exclude "golden rule" arguments or comments.  *(OPPOSED)***

Counsel and witnesses should not be allowed to make any arguments or comments that would fit the "golden rule" approach to liability or damages. This approach includes (a) asking members of the jury to put themselves in the position of a party; or (b) suggesting that counsel is not asking the jury to put themselves in the shoes of the plaintiff – the "reverse golden rule." It also includes questions and arguments based on the 2009 manual authored by David Ball, a jury consultant, and Don Keenan, a plaintiff's attorney, entitled *Reptile: The 2009 Manual of the Plaintiff's Revolution*, which are designed to appeal to jurors' subjective concerns about their

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

own vulnerabilities and the vulnerabilities of the community at large rather than their impartial judgments based on the evidence presented, as instructed by the court.

All such arguments or comments are improper, as they "encourage[ ] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence[.]" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (quoting *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)), aff'd, 465 U.S. 752 (1983). The court should prohibit such questions and arguments. *See* Fed. R. Evid. 401, 402, 403.

**Motion 13:  Exclude fact witnesses from the courtroom.  *(OPPOSED)***

Pursuant to Fed. R. Evid. 615, defendant requests that the court exclude all fact witnesses from the courtroom, except for plaintiff and defendant's corporate representative.

**Motion 14:  Exclude evidence of a purported TransUnion "block notice."  *(OPPOSED)***

Plaintiff purports to submit as an exhibit a document purportedly sent by TransUnion to defendant informing defendant that TransUnion had decided to block the subject account.  (*See* Plaintiff's proposed Exhibit 60).  This document was provided to defendant on March 18, 2019, a month and a half after the discovery deadline in this case passed. As such, it should be excluded.  *See* LR 16-2(e)(3) ("the following discovery related events must be completed by the completion of discovery date . . . [a]ll documents must be produced per request," unless otherwise directed by the court).

In addition, there is no testimony from TransUnion (who was never deposed or identified as a witness) to explain the block notice, what it means, and to prove that it was even sent (there is a dispute as to whether defendant even received the notice).  Any attempt to explain the block notice would thus be speculation and therefore irrelevant.  Fed. R. Evid. 401, 402, 403.

**Motion 15:  Exclude deposition testimony where defendant's non-managerial employees were asked to testify on behalf of defendant.  *(OPPOSED)***

Plaintiff has designated extensive testimony from four employees of defendant, all of who work in the credit bureau resolution department.  Each of these depositions was conducted

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

under Fed. R. Civ. P. 30(b)(1). These employees are not officers, managers, or directors of defendant, and thus, their testimony cannot be used to bind defendant. *See GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68-69 (D. Mass. 1987) (not permissible to obtain testimony "of a corporation by a particular person who is *not* an officer, director or managing agent"). In this case, defendant has raised objections to this testimony in its separately filed objections to plaintiff's exhibits and witnesses, specifically testimony from Ms. Grier, Mr. Funsch, and Mr. Hollomon which defendant objected to as "leading." To the extent that testimony is not excluded on the grounds referenced in defendant's objection, it should be excluded because plaintiff's counsel asked the witnesses whether their conduct was consistent with defendant's policies and procedures. However, these employees are not able to testify on defendant's behalf as to what those policies are or were, nor whether defendant believes that these employees in fact complied with them. Only defendant's officers, directors, or managing agents can properly answer such questions.

DATED: July 29, 2019

COSGRAVE VERGEER KESTER LLP


*s/ Daniel C. Peterson*
Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Julie A. Smith, OSB No. 983450
jsmith@cosgravelaw.com
Daniel C. Peterson, OSB No. 064664
dpeterson@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
Telephone: (503) 323-9000
Fax: (503) 323-9019

Attorneys for Defendant Wells Fargo Bank, N.A.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S MOTIONS IN LIMINE** to be served on the date indicated below by:

☐    mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐    hand delivery,

☐    facsimile transmission,

☐    overnight delivery,

☒    electronic filing notification.

I further certify that said copy was delivered as indicated above and addressed to said attorneys at the addresses listed below:

Michael Fuller
Olsen Daines PC
111 SW Fifth Avenue, Suite 3150
Portland, OR 97204

Robert S. Sola
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, OR 97201

Kelly D. Jones
Attorney at Law
819 SE Morrison Street, Suite 255
Portland, OR 97214

Jeffrey B. Sand
Admitted *Pro Hac Vice*
Weiner & Sand LLC
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
        Attorneys for Plaintiff

DATED:  July 29, 2019

                                        *s/ Daniel C. Peterson*
                                        Daniel C. Peterson

Page 1 – **Certificate of Service**