**Michael Fuller, OSB No. 09357**
OlsenDaines
michael@underdoglawyer.com
Direct 503-743-7000

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

**Jeffrey B. Sand, admitted *pro hac vice***
Weiner & Sand, LLC
js@atlantaemployeelawyer.com
Telephone: 404-205-5029

Attorneys for Plaintiff Matthew Sponer

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MATTHEW SPONER,** | Case No. 3:17-cv-02035-HZ |
| Plaintiff, | **PLAINTIFF'S MOTIONS *IN LIMINE* AND MEMORANDUM IN SUPPORT** |
| v. | |
| **EQUIFAX INFORMATION SERVICES, LLC and WELLS FARGO BANK N.A.,** | |
| Defendants. | |

## LR 7-1 CERTIFICATION

The parties conferred on these motions as required by LR 7-1, but were unable to reach an agreement on any of the following motions.

## MOTIONS

Plaintiff requests an order granting the following motions *in limine*.

I. **Motion One: Plaintiff moves to exclude testimony, evidence, or reference to settlements with or claims Plaintiff made against Equifax.**

Equifax Information Services, LLC ("Equifax") was also named as a defendant in this case. Plaintiff reached a confidential settlement with Equifax. The claims and settlement with Equifax are not relevant and would cause confusion and delay.

The claims against Equifax were based on different conduct and different legal requirements than the claims against Wells Fargo. Equifax is a credit reporting agency ("CRA"). The FCRA provisions that apply to CRAs are different than those that apply to furnishers, such as Wells Fargo. Plaintiff's claims against Equifax were based on its preparation of consumer reports with inaccurate information, contrary to FCRA, § 1681e(b). Those reports contained inaccurate fraudulent information besides the Wells Fargo account. Plaintiff also claimed that Equifax failed to correct disputed information, contrary to FCRA, § 1681i(a). This failure also pertained to fraudulent information other than the Wells Fargo account.

Neither of those FCRA sections apply to Wells Fargo. Plaintiff's claims against Wells Fargo are based on FCRA, § 1681s-2(b), which only applies to furnishers.

Moreover, Wells Fargo was not the furnisher of the other fraudulent account information on which Plaintiff's claims against Equifax were based. Wells Fargo had no connection at all to that information or the claims based on that information.

Thus, Plaintiff's claims against Equifax were based on entirely different conduct, by a

different party, based on different facts and credit information, and based on different legal requirements than the claims against Wells Fargo. The claims against Equifax are simply not relevant to the claims against Wells Fargo.[1]

Evidence is relevant only if "tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The issues for the jury are whether Wells Fargo violated the FCRA provisions that apply to its actions, and the damages caused by the violations. Evidence relating to claims and settlement with a different party based on different conduct, facts and legal standards would not tend to prove or disprove the issues involving Wells Fargo.

Plaintiff's evidence at trial will be focused on Wells Fargo's violations. Plaintiff will not present evidence regarding violations or damages (assuming there were any) caused by other parties. The jury instructions and the verdict form will ask the jury to determine only whether Wells Fargo violated the FCRA and any damages that were caused by Wells Fargo's violations.

This Court has granted virtually identical motions *in limine* in FCRA cases. In *Kirkpatrick v. Equifax Info. Serv., LLC*, U.S. Dist. Ct. (Or.) Case No. CV 02-1197-MO, Judge Mosman granted a motion *in limine* to preclude evidence of claims against and settlements with other defendants. In 2007, Judge Jones granted a similar motion *in limine* in a trial against Equifax. *Valentine v. Equifax Info. Serv., LLC*, U.S. Dist. Ct. (Or.) Case No. 05-CV-0801-JO.

There is no reason to depart from this well-settled rule of law.

Even if the claims and settlement were relevant under Fed. R. Evid. 401, they should still

---

[1] In addition, there is no offset of a settlement with one defendant towards the judgment obtained against another defendant in a FCRA case. *See Thomas v. Trans Union, LLC,* Case No. 00-CV-1150-JE, at *18 (D. Or., Jan. 29, 2003). In any event, that is a post-trial legal matter, unrelated to the determination of evidence at trial.

PAGE 3 – PLAINTIFF'S MOTIONS *IN LIMINE* AND MEMORANDUM IN SUPPORT

be excluded pursuant to Fed. R. Evid. 403, because the probative value is outweighed by prejudice, confusion or waste of time. Allowing this evidence will produce all three.

Plaintiff would have to present evidence about each of the claims against Equifax, as well as the reasons for settling for the amount agreed to. Then Plaintiff would need to explain (and attempt to allocate) the portions of each settlement that represented actual damages, punitive damages, attorney fees and costs.

Of course, Wells Fargo would want to cross-examine Plaintiff and offer its own evidence. The result would be a mini-trial on all the claims Plaintiff made against Equifax. The jury would become confused. Much time would be wasted. In addition, Plaintiff may be unfairly prejudiced because the jury would hear about payments for damages caused by Equifax, based on different conduct, facts and legal requirements, yet may think they cover damages caused by Wells Fargo.

It is important to the settlement process that the amount of a confidential settlement remain confidential. Protecting the confidentiality promotes settlement. Parties, including Equifax, routinely require confidentiality as a condition of settlement.

Settlements are generally not admissible under the Federal Rules of Evidence. Fed. R. Evid. 408. Indeed, the public policy behind Rule 408 is to promote "the public policy favoring the compromise and settlement of disputes." Notes of Advisory Committee on Rules.

Courts are extremely reluctant to compel production of a confidential settlement agreement. "The strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." *Flynn v. PGE Corp.*, 1989 U.S. Dist. LEXIS 11219, at 4 (D. Or. 1989).

In *Anderson v. Equifax Info. Serv., LLC*, D. Or. Case No. CV-05-1741-ST, this Court denied Trans Union's motion to compel production of confidential settlement agreements with

other defendants. Trans Union sought de novo review. Judge Redden affirmed, holding the settlement agreements "are not relevant, given the inability of Trans Union to obtain indemnity or contribution under the FCRA from those defendants." In *Jansen v. Experian Information Solutions, Inc.,* D. Or. Case No. CV-05-00385-BR, Judge Anna Brown denied Equifax's motion to compel production of confidential settlement agreements with Experian and Trans Union.

II. **Motion Two: Plaintiff moves to exclude any testimony, evidence, or argument by Wells Fargo in support of any defense based on Wells Fargo's request to Plaintiff that he provide certain documents.**

Wells Fargo intends to argue that it did not violate FCRA § 1681s-2(b) by asserting that it did not receive information from Plaintiff that it had requested on October 26, 2016 in response to his direct dispute. It attempts to present this defense in various ways such as saying that it was reasonable for it to request information from Plaintiff, that it needed to verify Plaintiff's identity to do an investigation of his dispute, and that it was reasonable not to delete the disputed information until he provided the information requested and it could consider it.

In summary, Wells Fargo's defense is that it did not have to conduct a reasonable investigation or otherwise comply with § 1681s-2(b) because plaintiff did not provide information. This defense, and all related facts, is legally foreclosed because Plaintiff is making a claim § 1681s-2(b). Wells Fargo's contentions are irrelevant, misleading, and would lead to confusion of the jury. [2]

---

[2] Plaintiff made his direct dispute on October 19, 2016 through a letter from his attorney Mr. Charne to Wells Fargo of that date. Mr. Charne also disputed by telephone with Wells Fargo on October 26, 2016. That day, Wells Fargo sent Mr. Charne the request for information from Plaintiff in response to his direct dispute. The first ACDV was not received by Wells Fargo until October 29 or 30, 2016, which is *after* Wells Fargo's request for information in response to his direct dispute.

Section 1681s-2(b) unambiguously provides that when a furnisher receives notice of a consumer's dispute from a credit reporting agency, it "*shall* (A) conduct an investigation with respect to the disputed information" and perform the other duties in that subsection. There is no provision allowing a furnisher to request a consumer provide information before the furnisher must comply with those legal duties.

The Sixth Circuit addressed this issue when a furnisher asserted as a defense that its procedure is to require a consumer to file a fraud affidavit or a police report before it will conduct further inquiry into a disputed claim. *Boggio v. USAA Federal Savings Bank*, 696 F.3d 611, 619 (6th Cir. 2012). The Court rejected that defense based on the plain language of the statute, stating:

> "Second, the text of § 1681s-2(b) does not permit furnishers to require independent confirmation of materials contained in a CRA notice of a dispute before conducting the required investigation." *Id.* at 619.

The court noted that "§ 1681s-2(b*)* does not specifically permit information furnishers to demand further documentation from consumers before conducting an investigation." *Id.* at 619, n 6.

This defense was also rejected in *Fregoso v. Wells Fargo Dealer Svcs, Inc., No.* 11-cv-10089-SJO-AGRx, 2012 WL 4903291 at *9 (C.D. Cal. Oct. 16, 2012). In *Fregoso*, the furnisher asserted that the consumer "did not provide requested additional documentation supporting his claim." *Id.* at *8. The furnisher cited to § 1681g(e)(2), which allows a furnisher to request identification from a consumer who has requested records related to an account alleged to be the result of identity theft. The court held that the furnisher's argument was irrelevant to the consumer's claim under § 1681s-2(b):

> "This has absolutely nothing to do with PCC's obligations to investigate in good faith consumer disputes that might affect their credit record. PCC's decision to reference this statute to discuss its investigation obligations is at best frivolous and extremely misleading." *Id.*

PAGE 6 – PLAINTIFF'S MOTIONS *IN LIMINE* AND MEMORANDUM IN SUPPORT

In *Nelson v. Chase Manhattan Mortg.*, 282 F.3d 1057 (9th Cir. 2002), the Ninth Circuit recognized the care that Congress used in fashioning the furnisher duties in § 1681s-2(b), and why it provided a private right of action for violations of § 1681s-2(b) but not for violations of § 1681s-2(a), which provides a mechanism for consumers to dispute information directly with the furnisher:

> "It can be inferred from the structure of the statute that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited enforcement of the duties imposed by § 1681s-2(a) to governmental bodies. But Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher. *See* 15 U.S.C. § 1681i(a)(3) (allowing CRA to terminate reinvestigation of disputed item if CRA "reasonably determines that the dispute by the consumer is frivolous or irrelevant"). With this filter in place and opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s-2(b), Congress put no limit on private enforcement under §§ 1681 n & o." *Id*. at 1060.

This "filtering mechanism" is fundamental to § 1681s-2(b). If the CRA thinks the dispute is frivolous or irrelevant (such as not coming from the actual consumer), it can reject it and then no notice of the dispute is sent to the furnisher. Thus, only disputes that pass an initial screening for validity are forwarded to the furnisher. That is one reason Congress did not permit furnishers to request information from consumers before complying with their duties under § 1681s-2(b).

In contrast, § 1681s-2(a) allows a furnisher who gets a direct dispute to avoid doing an investigation if the furnisher finds the dispute is frivolous or irrelevant, which can include "failure of a consumer to provide sufficient information." § 1681s-2(a)(8)(F).

By claiming it could avoid compliance with § 1681s-2(b) until Plaintiff provided requested information, Wells Fargo is adding a requirement to § 1681s-2(b) that Congress did not enact. The Ninth Circuit emphasized that a court should not impose a limitation on the consumer's rights under § 1681s-2(b) that is not in the statute:

"The statute has been drawn with extreme care, reflecting the tug of the competing interests of consumers, CRAs, furnishers of credit information, and users of credit information.   It is not for a court to remake the balance struck by Congress, or to introduce limitations on an express right of action where no limitation has been written by the legislature." *Id.*

If Congress wished to permit furnishers to request identification information from consumers before the duties in § 1681s-2(b) would apply, it would have said so. Congress included such a provision in § 1681g(e)(2). It chose not to do so in § 1681s-2(b).

Wells Fargo's own expert, Dean Binder, recognizes the distinction between Wells Fargo's request for information from Plaintiff and its obligations under § 1681s-2(b). In Mr. Binder's initial expert report, he gave the opinion that Wells Fargo's policy to require Plaintiff to provide the items listed in their identity theft package prior the removing the account from the credit report is reasonable and within industry practice. In deposition, Mr. Binder agreed that this opinion does not address Wells Fargo's responsibilities in regard to processing of the ACDV. Declaration of Robert Sola, Exhibit 3, Dean Binder Deposition, 30:25-31:4.

Wells Fargo's defense that a consumer must provide information before it has to comply with § 1681s-2(b) is directly contrary to the statutory language and undermines the entire mechanism of § 1681s-2(b) that Congress took such care to construct. Moreover, allowing Wells Fargo to use that defense conflates the procedures in § 1681s-2(a) with the procedures in § 1681s-2(b). This will cause jury confusion.

In fact, Wells Fargo did not determine that Plaintiff's direct dispute was frivolous or irrelevant and did not provide Plaintiff with the required notification of such a determination. *See* § 1681s-2(a)(8)(F)(i) and (ii). Thus, if Wells Fargo is allowed to present evidence regarding an alleged deficiency in Plaintiff's direct dispute under § 1681s-2(a), Plaintiff can claim that Wells Fargo violated § 1681s-2(a)(8).

In addition, Plaintiff can claim that Wells Fargo violated other provisions in § 1681s-2(a) related to furnishing inaccurate information, its duties to correct inaccurate information, and its duties upon notice of identity theft. *See* § 1681s-2(a)(1)(2), (6). Thus, if Wells Fargo can present evidence related to § 1681s-2(a), then Plaintiff should also be allowed to present evidence that Wells Fargo violated various provisions of § 1681s-2(a). This could confuse the jury since Plaintiff has no private right of action for violation of § 1681s-2(a).

Furthermore, it would not be fair to Plaintiff to allow Wells Fargo to use an alleged defect in his direct dispute under § 1681s-2(a) as a defense to his claim under § 1681s-2(b) because the alleged defect would only be relevant to a dispute under § 1681s-2(a) for which Plaintiff has no private right of action.

### III.     Motion Three: Plaintiff moves to exclude testimony of any witness who lacks personal knowledge of the matters testified to.

Fed. R. Evid. 602 provides: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

In deposition, Wells Fargo's corporate witness speculated about actions taken by other employees, including persons who processed ACDVs, as well as their motivation or intent (e.g. that an action was done by "mistake" or unintentionally), without any personal knowledge of those matters. Similarly, the witness statements of Wells Fargo indicate that witnesses will discuss the actions taken by other employees in response to ACDVs. These witnesses should be barred from testifying to any actions about which they do not have personal knowledge.

### IV.     Motion Four: Plaintiff moves to exclude opinion testimony of any witness who has not been designated and admitted as an expert witness.

Wells Fargo is calling fact witnesses to discuss its procedures and the actions it took. These witnesses should not be allowed to offer opinions because they are not qualified and have

not been designated as experts. Examples of inadmissible opinion testimony would include opinions on the reasonableness, necessity, or adequacy of Wells Fargo's actions or procedures.

**V.    Motion Five: Plaintiff moves to exclude testimony, evidence, or reference that attempts to blame others for Wells Fargo's failure to comply with the FCRA.**

It is apparent from Wells Fargo's expert reports that it will attempt to blame others for its violations of the FCRA. This includes blaming the identity thief, Plaintiff, and the credit bureaus. Wells Fargo alone was obligated to comply with the requirements of § 1681s-2(b). No other party can cause Wells Fargo to violate the FCRA. It is solely Wells Fargo's responsibility. Additionally, there is no right to indemnity or contribution under the FCRA. *See Boatner v. ChoicePoint Workplace Solutions, Inc.*, CV-09-1502-MO, 2010 WL 1838727 (D. Or. May 6, 2010). Wells Fargo cannot blame others for its violations of the FCRA.

**VI.    Motion Six: Plaintiff moves to exclude testimony, evidence, or reference about what would have happened had Plaintiff provided requested information to Wells Fargo.**

Wells Fargo should be precluded from offering any evidence or argument at trial about what allegedly would have happened if Plaintiff had provided the information and/or documents it requested. This is sheer speculation. *See* Fed. R. Evid. 602, 701. Even Wells Fargo's experts admit it is only guesswork. Wells Fargo's witnesses cannot have personal knowledge of events that never took place. Wells Fargo should not be permitted to suggest to the jury that it can forecast an alternative future, and that if only Plaintiff had provided information it requested then Wells Fargo would have deleted the fraudulent account.

Additionally, any such speculation is also irrelevant to the claims in this case. As explained above, § 1681s-2(b) does not permit a furnisher to delay or avoid its duties to investigate because it is waiting for information from a consumer.

**VII.    Motion Seven**: **Plaintiff moves to exclude testimony, evidence, or reference to actions or procedures of Wells Fargo's Credit Bureau Dispute Resolution Team or Fraud Department that were not disclosed during discovery.**

Fed. R. Civ. P. 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial…" Fed. R. Civ. P. 26(e)(1) requires a party to supplement or correct its discovery responses that are incomplete or incorrect. Plaintiff has taken extensive discovery on the actions and procedures of Wells Fargo's Credit Bureau Dispute Resolution Team and Fraud Department. Well Fargo should not be allowed to introduce any testimony or evidence of actions or procedures that were not disclosed during discovery.

**VIII.    Motion Eight**: **Plaintiff moves to exclude testimony, evidence, or reference to actions or investigations performed by Wells Fargo employees or agents that were not disclosed during discovery.**

Wells Fargo may attempt to discuss actions it took regarding other consumer disputes or claim other consumers acted differently than Plaintiff. Such testimony should be excluded. First, Wells Fargo has not disclosed any specific consumers it intends to reference. This prevented plaintiff from conducting any discovery into the circumstances of those particular situations. *See* Fed. R. Civ. P. 37(c)(1), 26(e)(1). Second, the jury will not know anything about the other consumer involved, the reasons for the actions taken, or the circumstances of the individual case. Third, any such testimony would be based on inadmissible hearsay. Fed. R. Evid. 801, 802.

Dated this 29th day of July 2019.

RESPECTFULLY FILED,

/s/ Robert S. Sola_____
**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue
Suite 800
Portland, Oregon 97201
rssola@msn.com

PAGE 11 – PLAINTIFF'S MOTIONS *IN LIMINE* AND MEMORANDUM IN SUPPORT

**CERTIFICATE OF SERVICE**

I certify that I caused this document to be served on the following via the Court's ECF system and via email to:

> Timothy J. Fransen
> tfransen@cosgravelaw.com
> Robert E. Sabido
> rsabido@cosgravelaw.com
> Daniel Peterson
> dpeterson@cosgravelaw.com

> Attorneys for Defendant Wells Fargo Bank, N.A.

Dated: July 29, 2019

/s/ Robert S. Sola
**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff Matthew Sponer

PAGE 1 – CERTIFICATE OF SERVICE