**Michael Fuller, OSB No. 09357**
OlsenDaines
michael@underdoglawyer.com
Direct 503-743-7000

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

**Jeffrey B. Sand, admitted *pro hac vice***
Weiner & Sand, LLC
js@atlantaemployeelawyer.com
Telephone: 404-205-5029

Attorneys for Plaintiff Matthew Sponer

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MATTHEW SPONER**, | Case No. 3:17-cv-02035-HZ |
| Plaintiff, | **PROPOSED JOINT JURY INSTRUCTIONS** |
| v. | |
| **WELLS FARGO BANK N.A., et.al** | |
| Defendants. | |

_____

Pursuant to the Court's Trial Management Order, Plaintiff Matthew Sponer ("Plaintiff")

and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submit the following Proposed Joint

Jury Instructions.

Page  1 – PROPOSED JOINT JURY INSTRUCTIONS

**I. JURY INSTRUCTIONS ON WHICH THE PARTIES AGREE**

The parties jointly request the Court give the following model instructions to the jury: 1.2, 1.3, or 1.4 (as applicable), 1.6, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 1.15, 1.18, 1.19 (if applicable), 1.20, 1.21, 2.1 (if applicable), 2.2, 2.4, 2.12 (if applicable), 2.13, 2.14, 3.1, 3.2, 3.3, 3.5, 4.1 (insert "bank" in place of "corporation"), and 4.2.

**II. JURY INSTRUCTIONS ON WHICH THE PARTIES DO NOT AGREE**

Plaintiff's MCJI 1.16 – Publicity During Trial

Plaintiff's MCJI 1.5 – Claims and Defenses

Defendant's MCJI 1.5 – Claims and Defenses

Plaintiff's MCJI 5.1 and MCJI 5.2 – Damages – Proof; Measures of Types of Damages

Defendant's MCJI 5.1 – Damages – Proof

Plaintiff's MCJI 5.5 – Punitive Damages

Defendant's MCJI 5.5 – Punitive Damages

Plaintiff's First Requested Special Jury Instruction (Congressional Findings and Purpose of FCRA)

Plaintiff's Second Requested Special Jury Instruction (15 U.S.C. § 1681s-2(b))

Defendant's Alternative to Plaintiff's Second Requested Special Jury Instruction

Plaintiff's Third Requested Special Jury Instruction (Reasonable Investigation)

Plaintiff's Fourth Requested Special Jury Instruction (Cannot demand documentation from consumer before conducting investigation)

Plaintiff's Fifth Requested Special Jury Instruction (Negligent Noncompliance Standard)

Defendant's Alternative to Plaintiff's Fifth Requested Special Jury Instruction

Plaintiff's Sixth Requested Special Jury Instruction (Willful Noncompliance Standard)

Defendant's Alternative to Plaintiff's Sixth Requested Special Jury Instruction

Plaintiff's Seventh Requested Special Jury Instruction (Actual Damages – Need Not

Prove Denial of Credit)

Plaintiff's Eighth Requested Special Jury Instruction (Causation under FCRA)

Defendant's Alternative to Plaintiff's Eighth Requested Special Jury Instruction

Defendant's First Requested Special Jury Instruction (Introduction)

Defendant's Second Requested Special Jury Instruction (Deadline to Conduct and

Complete the Investigation)

Defendant's Third Requested Special Jury Instruction (Fair Credit Reporting Act Claim –

Requirements)

Defendant's Fourth Requested Special Jury Instruction (Issues to Be Decided by the Jury)

PLAINTIFF'S MCJI 1.16 - PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

*Plaintiff's explanation*: Plaintiff does not plan to invite media coverage about the case, but this model rule is a precaution in the event of media coverage.

*Defendant's objection*:  The court *may* decide that it is necessary use this instruction during trial if and when it determines that there has been significant media coverage.  But, until then, the instruction is premature.

## PLAINTIFF'S MCJI 1.5 – CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff has brought claims under a federal law known as the Fair Credit Reporting Act. This Act is often called the FCRA. The FCRA generally applies to actions related to the reporting of information on a consumer's credit report.

Plaintiff's claims involve the legal duties of furnishers of credit information, such as Wells Fargo, when notified by a credit reporting agency that a consumer has disputed the accuracy of information provided by that furnisher.

Plaintiff claims that after receiving notices of Plaintiff's disputes from credit reporting agencies that the account was the result of identity theft, Wells Fargo failed to comply with the following requirements of the Fair Credit Reporting Act:

1)      failing to conduct a reasonable investigation of Plaintiff's dispute of the account, in violation of 15 U.S.C. § 1681s-2(b)(1)(A);

2)      failing to review all relevant information provided by the credit reporting agency, in violation of 15 U.S.C. §1681s-2(b)(1)(B); and

3)      failing to delete the account or permanently block the reporting of the account when the account could not be verified as accurate, in violation of 15 U.S.C. §1681s-2(b)(1)(E).

Plaintiff claims that Wells Fargo's failure to comply with those requirements of the FCRA was negligent.  Plaintiff also claims that Wells Fargo's failure to comply was willful.  I will explain the meaning of negligent and willful to you later in these instructions.

Plaintiff has the burden of proving his claims.

Wells Fargo denies those claims.

*Plaintiff's explanation*: These are the model instructions to which Plaintiff added the claims he makes against Wells Fargo. Plaintiff uses the language of the FCRA, § 1681s-2(b), because these are his precise claims and the standard the jury must apply to determine liability. Wells Fargo's instruction is incomplete. It omits the subsections of § 1681s-2(b) that Plaintiff claims were violated. Thus it fails to accurately state Plaintiff's claims.

## DEFENDANT'S MCJI 1.5 – CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that the defendant negligently and willfully violated the Fair Credit Reporting Act and that the plaintiff suffered actual damages as a result.

The plaintiff has the burden of proving these claims.

The defendant admits that it negligently violated the Fair Credit Reporting Act in some, but not all, of the ways alleged by the plaintiff.  The defendant disputes that the plaintiff suffered any actual damages.

The defendant also contends that, if the plaintiff suffered any damages, the plaintiff failed to mitigate those damages.

The defendant has the burden of proof on the mitigation defense.

The plaintiff denies the defendant's mitigation defense.

*Defendant's explanation for its version and objections to plaintiff's:*  Choices were made to keep or omit bracketed material.  Case-specific information was added.  This version of MCJI 1.5 should be given instead of plaintiff's version, which contains a number of flaws.  First, Wells Fargo should be described as "the defendant," which is consistent with the use of "the plaintiff" throughout.  Second, plaintiff's proposed instruction includes citations to statutory provisions, which is not information the jury needs to know.  Third, the proposed instruction will likely leave jurors with the incorrect impression that multiple FCRA violations may have occurred with each of defendant's responses.  Fourth, plaintiff's proposed instruction does not adequately describe defendant's case – which includes an admission, some denials, and an affirmative defense of failure to mitigate. Details about the FCRA's obligations are provided in defendant's

alternative to plaintiff's second requested special jury instruction and in defendant's fourth

requested special jury instruction.

**PLAINTIFF'S MCJI 5.1 AND 5.2 – DAMAGES – PROOF;**

**MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff, you must determine plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by Wells Fargo.

In determining the amount of damages, you should consider the following types of damages: damage to plaintiff's reputation, emotional distress and discomfort experienced by plaintiff, interference with plaintiff's normal and usual activities, the time spent by plaintiff dealing with Wells Fargo's inaccurate credit reporting, lost opportunity to receive credit and not seeking credit, and invasion of plaintiff's privacy.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*See,* 15 U.S.C. § 1681n; 15 U.S.C. § 1681o; *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Dennis v. BEH-1, LLC*, 504 F.3d 892 (9th Cir. 2007); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001); *Miller v. Equifax Info. Servs., LLC.*, No. 3-11-CV-01231-BR, 2012 US Dist LEXIS 168894, at *7-8 (D. Or. Nov. 28, 2012); *Rothery v. Trans Union, LLC*, No. CV-04-312-ST, 2006 US Dist LEXIS 44959, at *32 (D. Or.

Apr. 6, 2006).

*Plaintiff's explanation*: Plaintiff has followed model instructions 5.1 and 5.2 and inserted the types of damages Plaintiff is seeking as the models instruct. The types of damages were disclosed in discovery, including Plaintiff's deposition, Plaintiff's Complaint, and Plaintiff's Supplemental Response to Interrogatory No. 2. Plaintiff is not seeking economic damages. Defendant's instruction alters the model language on the meaning of "damages." It also omits damages that Plaintiff disclosed and is entitled to recover, such as invasion of privacy, lost opportunity to receive credit, and discomfort.

**DEFENDANT'S MCJI 5.1 – DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's FCRA claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any subjective, nonmonetary losses you find were caused by the defendant.

Nonmonetary losses include emotional distress, injury to reputation, and interference with normal and usual activities.

It is for you to determine what damages, if any, plaintiff has proven.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Defendant's explanation for its version and objections to plaintiff's*: This instruction should be given instead of plaintiff's proposed version because it properly limits the damages to those noneconomic damages alleged in the operative complaint. Plaintiff's version includes unpled items of damages (*e.g.*, "time spent by plaintiff dealing with [the defendant's] inaccurate credit reporting," "not seeking credit, and invasion of plaintiff's privacy."). Plaintiff's version appears to include economic losses (*e.g.*, "lost opportunity to receive credit" and "damage to reputation," which can be economic or noneconomic, depending on the evidence), even though plaintiff chose not to file an itemized list of *economic* damages (as required by the court's June 11, 2019 Jury Trial Management Order). Finally, Wells Fargo should be described as "the defendant," which is consistent with the use of "the plaintiff" throughout the instructions.

**PLAINTIFF'S MCJI 5.5 – PUNITIVE DAMAGES**

If you find for plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish Wells Fargo and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.  Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Wells Fargo's conduct that harmed plaintiff was malicious, oppressive or in reckless disregard of plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights, or if Wells Fargo acts in the face of a perceived risk that its actions will violate plaintiff's rights under federal law.

An act or omission is oppressive if Wells Fargo injures or damages or otherwise violates the rights of plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Wells Fargo's conduct.  This includes whether the conduct that harmed plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.

You may not, however, set the amount of any punitive damages in order to punish Wells Fargo for harm to anyone other than plaintiff in this case.

You may also consider the net worth and the annual net income or profits of Wells Fargo in setting the amount of punitive damages. The parties have agreed on the following dollar amounts for Wells Fargo's net worth and net income: (1) Wells Fargo's current net worth is approximately $165 billion, (2) Wells Fargo's net income is approximately $21.6 billion for 2018, $21 billion for 2017, and $19.9 billion for 2016.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

*See,* Model Rule 5.5 and comments; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 462 n.28, 113 S. Ct. 2711, 125 L. Ed. 2d 366 (1993); *White v. Ford Motor Co.*, 500 F.3d 963, 976-77 (9th Cir. 2007).

*Plaintiff's explanation*: This instruction follows the model instruction verbatim. Plaintiff has added a paragraph on consideration of Wells Fargo's net worth and income, pursuant to the holdings in the cases cited.

## DEFENDANT'S MCJI 5.5 – PUNITIVE DAMAGES

If you find that defendant *willfully* violated the FCRA, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.

In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. In determining the degree of reprehensibility, you may consider the nature of the conduct and the defendant's motive, whether the harm was physical as opposed to merely economic, whether the plaintiff was vulnerable, whether the conduct involved repeated actions or was an isolated incident, and how profitable the conduct

was to the defendant.  You may not set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

*Defendant's explanation for its version and objections to plaintiff's*:  Plaintiff's version of this instruction has a number of flaws, including that it does not limit punitive damages to a "willful" violation and refers to "Wells Fargo" instead of "the defendant."  Plaintiff's version includes a sentence about the "risk of harm to people who are not parties to this case," even though this case does not involve a risk of harm to other, nonparties.  It also includes references to nominal damages, which plaintiff is not claiming.  Finally, it specifically asks jurors to consider defendant's "net worth and profits."  "Profits," without evidence of liabilities, are irrelevant.  In any event, evidence of defendant's financial condition should not be admitted into evidence for the reasons discussed in defendant's motions in limine.  Even if a defendant's financial condition is admissible to support a punitive damages claim arising under federal law, references in the instruction should be limited to defendant's *current* financial condition.  *See Cataldi v. Siracusano*, 2012 WL 870222, at *2 (D. Nev. Mar. 14, 2012) (recognizing, in a diversity case decided under Nevada law, that "only the defendant's current financial condition is relevant to the issue of punitive damages").  The instruction should not refer to "net worth" or make any other reference to defendant's wealth because doing so in a jury instruction would put undue emphasis on the limited role of wealth in the analysis under the circumstances of this case, which involves a big business.  *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 432 (1994) ("[P]resentation of evidence of a defendant's net worth creates the potential that juries will use

their verdicts to express biases against big businesses, particularly those without strong local presences."). If the instruction is allowed to refer to defendant's financial condition at all, the instruction should not specify the *amount* of defendant's wealth.

Meanwhile, defendant's version properly expands on the definition of "reprehensibility" – the key factor in awarding punitive damages – by including factors the jury can consider in determining the degree of reprehensibility.

*State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003), explains that reprehensibility is evaluated:

> "by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident."

*See also Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991) (listing "profitability" of the wrongful conduct as a factor that can be considered in evaluating reprehensibility).

**PLAINTIFF'S FIRST REQUESTED SPECIAL JURY INSTRUCTION**

(Congressional Findings and Purpose of FCRA)

When Congress enacted the Fair Credit Reporting Act, it found that the banking system is dependent upon fair and accurate credit reporting.  Congress also found that inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

The FCRA was the product of Congressional concern over abuses in the credit reporting industry. The FCRA was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.

*See,* 15 U.S.C. § 1681(a)(1); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

*Plaintiff's explanation*: The jury should know the Congressional findings and the purpose of the FCRA to better understand the basis for the section of the FCRA it is considering and because it is responsible for enforcing the FCRA through a determination as to compliance. The purpose of the FCRA is typically considered as a factor in determining the amount of punitive damages.

*Defendant's objections to plaintiff's first requested special jury instruction*:  Plaintiff's first requested special instruction should not be given at all.  The jury need not and should not be instructed on the legislative purpose behind the FCRA.  Their findings should adhere to the

requirements of the statute itself, not Congress's reasons for enacting it.  Congress's political

reasons for enacting legislation is not an appropriate issue for the jury to consider.

**PLAINTIFF'S SECOND REQUESTED SPECIAL JURY INSTRUCTION**

(15 U.S.C. § 1681s-2(b))

Plaintiff claims that Wells Fargo violated the Fair Credit Reporting Act in regard to its duties as a furnisher of information when it has been notified of a consumer dispute by a consumer reporting agency.

The Fair Credit Reporting Act requires that when Wells Fargo receives notice of a dispute from a consumer reporting agency with regard to the completeness or accuracy of any information provided by Wells Fargo, it shall:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly —
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

Wells Fargo must comply with all of these provisions in order to comply with the Fair Credit Reporting Act.

*See,* 15 U.S.C. § 1681s-2(b).

*Plaintiff's explanation*: Plaintiff's instruction is the exact language of the FCRA section that Plaintiff claims Wells Fargo violated. This is the legal standard the jury must apply. Defendant's version omits subsections, such as (E), which Plaintiff claims Defendant violated.

**DEFENDANT'S ALTERNATIVE TO PLAINTIFF'S SECOND
REQUESTED SPECIAL JURY INSTRUCTION**

**FAIR CREDIT REPORTING ACT INVESTIGATON OBLIGATION**

At issue in this case are the obligations that the defendant had under the Fair Credit Reporting Act (FCRA) when it received the notices from consumer reporting agencies (CRAs) stating that the plaintiff was disputing the accuracy of information in his credit report.

After receiving the notices at issue in this case from the CRAs, the defendant had an obligation to:

1. Conduct an investigation with respect to the disputed information;

2. Review all relevant information provided by the CRA; and

3. Report the results of the investigation to the CRA that sent the notice.

If, following its investigation, the defendant found that the disputed information was inaccurate, the defendant also had an obligation to promptly correct the information with all other CRAs.

Authority:  15 U.S.C. § 1681s-2(b)(1).

*Defendant's explanation for its version and objections to plaintiff's:*  This version should be given instead of plaintiff's version because the instruction avoids legal terms like "furnisher of information"; it uses "the defendant," instead of "Wells Fargo"; and omits statutory requirements that are not in issue.

**PLAINTIFF'S THIRD REQUESTED SPECIAL JURY INSTRUCTION**

(Reasonable Investigation)

To satisfy the investigation requirement of the Fair Credit Reporting Act, Wells Fargo's investigation of the disputed information must be a reasonable investigation.  A reasonable investigation requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute. A superficial, cursory, or unreasonable investigation does not satisfy the Fair Credit Reporting Act's requirements.

A reasonable investigations requires that Wells Fargo review and consider all relevant information related to the dispute, including information in its possession or records, information provided by Plaintiff, information provided by the Credit reporting agency, and other information available to Wells Fargo.

*See,* 15 U.S.C. § 1681s-2(b)(1)(A); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-1157 (9th Cir. 2009); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 619 (6th Cir. 2012); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004); *Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 948 (C.D. Cal. 2015); *Daugherty v. Equifax Info. Servs., LLC*, No. 5:14-cv-24506, 2016 WL 6650856, 2015 U.S. Dist. LEXIS 144679, at *24-27 (S.D. W. Va. Oct. 26, 2015); *Allicon v. Wireless*, No. 11-cv-007-SM, 2012 WL 380147, 2012 U.S. Dist. LEXIS 17165, at *6-9 (D.N.H. Jan. 18, 2012); *Thomas v. U.S. Bank, N.A.*, No. CV 05-1725-MO, 2007 WL 764312, 2007 U.S. Dist. LEXIS 17516, at *14-15 (D. Or. Mar. 8, 2007); Consumer Fin. Prot. Bureau, CFPB Bull. No. 2013-09, The FCRA's Requirement to Investigate Disputes and Review "All Relevant" Information Provided by Consumer Reporting Agencies (CRAs) About the Dispute, at 1 (2013), https://files.consumerfinance.gov/f/201309_cfpb_bulletin_furnishers.pdf.

*Plaintiff's explanation*: The instruction assists the jury in understanding the meaning the statute it must apply. The statute does not include the word "reasonable," but the Ninth Circuit held that an investigation must be "reasonable." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009). The *Gorman* court further explained the meaning of "reasonable," which Plaintiff's instruction adopts. Other authority cited, including the CFPB Bulletin, defines a "reasonable" investigation as stated in this instruction. The term "reasonable" is subject to widely varying interpretation. This instruction will help the jury determine if Wells Fargo's investigation was reasonable.

*Defendant's objections to plaintiff's third requested special jury instruction*:  Plaintiff's third requested special instruction should not be given at all.  Jurors should not be instructed on the meaning of "reasonable."  "Reasonableness" is a quintessential jury question that depends on the unique circumstances of each case.  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (referring to the jury's "unique competence" in determining reasonableness and stating that courts should interfere in that role only when one conclusion about what is "reasonable" is possible).  The proposed instruction is also argumentative.

**PLAINTIFF'S FOURTH REQUESTED SPECIAL JURY INSTRUCTION**

(Cannot demand documentation from consumer before conducting investigation)

The FCRA, section 1681s-2(b), does not allow Wells Fargo to demand further documentation from a consumer before conducting the investigation Wells Fargo is required to do under that section of the FCRA.

*See*, 15 U.S.C. § 1681s-2(b)(1); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 619 (6th Cir. 2012); *Fregoso v. Wells Fargo Dealer Servs.*, No. CV 11-10089 SJO (AGRx), 2012 U.S. Dist. LEXIS 151785, at *25-26 (C.D. Cal. Oct. 16, 2012); *Nelson v. Chase Manhattan Mortg.*, 282 F.3d 1057, 1060 (9th Cir. 2002).


*Plaintiff's explanation*: The instruction tracks the language of the Sixth Circuit addressing the precise issue Wells Fargo raises in this case: whether it can demand documents from Plaintiff before conducting an investigation under § 1681s-2(b). *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 619 n.6 (6th Cir. 2012). Without this instruction, the jury will not understand the law applicable to Plaintiff's claims, and may believe that Wells Fargo can avoid its obligations under § 1681s-2(b) by requesting documents from Plaintiff. A detailed discussion of this subject is contained in Plaintiff's Motion in Limine Two.

*Defendant's objections to plaintiff's fourth requested special jury instruction*:  Plaintiff's fourth requested special instruction should not be given at all.  The cited authorities do not support giving an instruction of this sort to the jury.  The question for the jury is whether the investigation was a "reasonable" one.  The Sixth Circuit's decision in *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 619 (6th Cir. 2012), does not stand for the proposition that a request for documentation is unreasonable.  It stands for the unremarkable proposition that the "the mere

existence" of a documentation requirement "does not resolve the inquiry into the reasonableness
of its investigation."

**PLAINTIFF'S FIFTH REQUESTED SPECIAL JURY INSTRUCTION**

(Negligent Noncompliance Standard)

Plaintiff claims that Wells Fargo negligently failed to comply with the Fair Credit Reporting Act. A person acts negligently if the person fails to do something that a reasonably prudent person would do, or does something that a reasonably prudent person would not do, under the circumstances that existed.

*See*, *Thompson v. San Antonio Retail Merch. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982).


*Plaintiff's explanation*: This instruction states the well-settled law that the common law definition of negligence applies to the term "negligently" in the FCRA, § 1681o. It has been repeatedly given by this Court in FCRA trials. Wells Fargo's instruction does not define "negligence." It also refers only to a reasonable investigation and omits the other subsections of § 1681s-2(b) that Plaintiff claims Wells Fargo violated.

**DEFENDANT'S ALERNATIVE TO PLAINTIFF'S FIFTH
REQUESTED SPECIAL JURY INSTRUCTION**

*NEGLIGENT* **VIOLATION OF FAIR CREDIT REPORTING ACT**

A violation of the FCRA is negligent if, after receiving notice of a dispute from the CRA, the defendant failed to conduct a reasonable investigation of its records to determine whether the disputed information could be verified.

Authority: *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426 (4th Cir. 2004); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009) (following the Fourth Circuit's decision in *Johnson*).

*Defendant's explanation for its version and objection to plaintiff's*: This instruction should be given instead of plaintiff's version, which describes "negligence" too broadly and does not tie it to the narrow set of obligations that can give rise to a private right of action under the FCRA. Plaintiff's version also refers to "Wells Fargo," instead of "the defendant" (which would be consistent with the use of "the plaintiff" throughout).

**PLAINTIFF'S SIXTH REQUESTED SPECIAL JURY INSTRUCTION**

(Willful Noncompliance Standard)

Plaintiff also claims that Wells Fargo willfully failed to comply with the Fair Credit Reporting Act. Willfully means that Wells Fargo intentionally performed an act that violates the Fair Credit Reporting Act, and it did so either with knowledge that its act violated the Fair Credit Reporting Act, or in reckless disregard of the Fair Credit Reporting Act.

"Reckless disregard" means an "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"

You do not need to find that Wells Fargo acted with malice or an evil motive in order to find that Wells Fargo acted willfully under the law.

*See*, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1984); *Reynolds v. Hartford Financial Services*, 435 F.3d 1081, 1098 (9th Cir. 2006), *rev'd on other grounds*, *Safeco*, *supra*; *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001); *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226-27 (3d Cir. 1997).

*Plaintiff's explanation*: This instruction adopts the standard set forth by the Ninth Circuit in *Reynolds v. Hartford Financial Services*, 435 F.3d 1081 (9th Cir. 2006), the Supreme Court in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007), and the other cases cited. The second sentence is almost verbatim from *Reynolds*: "In sum, if a company knowingly and intentionally performs an act that violates FCRA, either knowing that the action violates the rights of consumers or in reckless disregard of those rights,

the company will be liable under 15 U.S.C. § 1681n for willfully violating consumers' rights."

*Reynolds*, 435 F.3d at 1099. The second paragraph on reckless disregard is a quote from *Safeco*,

551 U.S. at 68. The holding that willful conduct does not require malice or an evil motive is

stated in *Reynolds*, 435 F.3d at 1098, *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th

Cir. 2001), and *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997).

**DEFENDANT'S ALTERNATIVE TO PLAINTIFF'S SIXTH
REQUESTED SPECIAL JURY INSTRUCTION**

***WILLFUL* VIOLATION OF FAIR CREDIT REPORTING ACT**

A violation of the FCRA is willful if the defendant either knowingly violated the FCRA or acted in reckless disregard of its obligations under the FCRA.

The defendant acts in reckless disregard of the FCRA if its action is not only a violation but also shows that the defendant ran a risk of violating the law that was substantially greater than the risk associated with acting carelessly.

Authority:  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 69-70 (2007); *Syed v. M-I, LLC*, 853 F.3d 492, 504 (9th Cir.), *cert. denied*, 138 S. Ct. 447 (2017).

*Defendant's explanation for its version and objection to plaintiff's*:  This version should be given instead of plaintiff's version, which inaccurately describes what qualifies as a "willful" violation under the FCRA.  It is not enough for a defendant to "intentionally perform an act" that happens to violate the FCRA, as plaintiff's proposed instruction suggests.  The defendant must knowingly or recklessly disregard its *statutory obligations*.

**PLAINTIFF'S SEVENTH REQUESTED SPECIAL JURY INSTRUCTION**

(Actual Damages – Need Not Prove Denial of Credit)

If you find that Wells Fargo failed to comply with the Fair Credit Reporting Act, plaintiff is entitled to recover his actual damages caused by the failure to comply.  Actual damages include damage to plaintiff's reputation, emotional distress and discomfort experienced by plaintiff, interference with plaintiff's normal and usual activities, the time spent by plaintiff dealing with Wells Fargo's inaccurate credit reporting, lost opportunity to receive credit and not seeking credit, and invasion of plaintiff's privacy.

Plaintiff need not prove that he was denied credit in order to recover his actual damages.

*See*, 15 U.S.C. § 1681n; 15 U.S.C. § 1681o; *Guimond v. Trans Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995); *Dennis v. BEH-1, LLC*, 504 F.3d 892 (9th Cir. 2007); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001); *Miller v. Equifax Info. Servs., LLC.*, No. 3-11-CV-01231-BR, 2012 US Dist LEXIS 168894, at *7-8 (D Or Nov. 28, 2012); *Rothery v. Trans Union, LLC*, No. CV-04-312-ST, 2006 US Dist LEXIS 44959, at *32 (D. Or. Apr. 6, 2006).


*Plaintiff's explanation*: This instruction correctly states the damages Plaintiff is seeking and is entitled to recover. The jury does not know that actual damages includes these types of damages, and may believe that actual damages are economic damages. Thus, this explanation of damages is necessary. Likewise, a jury may believe that a consumer must be denied credit to recover damages. That is not the law. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)

*Defendant's objections to plaintiff's seventh requested special jury instruction*:  Plaintiff's seventh requested special instruction should not be given at all.  Damages are already covered by MCJI 5.1, and the parties have provided alternative versions of MCJI 5.1.  Plaintiff's proposed special instruction is redundant.  Nor should the jury be instructed that plaintiff "need not prove that he was denied credit."  While this is a correct statement of the law, jurors should be instructed on the findings they *do* need to make, not on what they *do not* need to find.

**PLAINTIFF'S EIGHTH REQUESTED SPECIAL JURY INSTRUCTION**

(Causation under FCRA)

In order to recover damages, plaintiff need only show that Wells Fargo's failure to comply with the Fair Credit Reporting Act was a substantial factor in causing his damages. Plaintiff need not prove that Wells Fargo's failure to comply was the sole cause of his damages.

*See*, *Philbin v. Trans Union Corp.*, 101 F.3d 957, 968 (3d Cir. 1996); *Guimond v. Trans Union Credit Info. Co.*, 45 F3d 1329, 1333 (9th Cir. 1995); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F2d 509, 513 (5th Cir. 1982); *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001).


*Plaintiff's explanation*: This instruction correctly states the standard for causation ("substantial factor") applied in FCRA cases across the country (see the cased cited), and in the FCRA trials in this Court.

## DEFENDANT'S ALTERNATIVE TO PLAINTIFF'S EIGHTH REQUESTED SPECIAL JURY INSTRUCTION

### CAUSATION

To recover actual damages for a willful or negligent FCRA violation, the plaintiff must prove that the violation *caused* an actual harm to him.

Causation has two components:  actual causation and proximate causation.

Actual causation is the simple, matter-of-fact question of whether an event would have occurred without the violation.

Proximate cause is established when the harm was a reasonably foreseeable consequence of the defendant's conduct and there was a direct relationship between the conduct and the harm.

Authority:  *See Paroline v. United States*, 134 S. Ct. 1710, 1719 (2014) (quoting 4 F. Harper, F. James, & O. Gray, Torts § 20.2, p. 100 (3d ed. 2007)); *Burrage v. United States*, 571 U.S. 204, 214-16 (2014); *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 838-39 (1996); *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017); *Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1074, 1076-77 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1292 (2019).

*Defendant's explanation for its version and objections to plaintiff's:*  This instruction should be used instead of plaintiff's because nothing in the text of the FCRA suggests that the *substantial factor* test should be used in lieu of the more commonly used "but for" causation standard.  *See* W. Page Keeton, *Prosser and Keeton on The Law of Torts* 265–68, § 41 (5th ed. 1984) (indicating that the substantial factor test applies only in a narrow "class of cases").  To the contrary, sections 1681n and 1681o use the term "as a result of" which denotes a but-for causal relationship.  *See Burrage v. United States*, 571 U.S. 204, 214-16 (2014) (recognizing that "a phrase such as 'results from' imposes a requirement of but-for causation"; observing that (1) in

Page  33 – PROPOSED JOINT JURY INSTRUCTIONS

the tort context, the "substantial factor" test applies only in narrow circumstances and (2) in any event, "no case has been found where the defendant's act could be called a substantial factor when the event would have occurred without it"). The statute's use of the phrase "as a result of" also denotes "proximate cause," which plaintiff's proposed instruction omits. Plaintiff's instruction also attempts (again) to improperly instruct the jury on what plaintiff does *not* have to prove, instead of what he *does* have to prove. Finally, Wells Fargo should be described as "the defendant," which is consistent with the use of "the plaintiff" throughout the instructions.

## DEFENDANT'S FIRST REQUESTED SPECIAL JURY INSTRUCTION

### INTRODUCTION

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

The instructions I gave you at the beginning of trial and those I am about to give you will all be in writing and will be available to you in the jury room. All instructions, whenever given and whether in writing or not, must be followed.

*Defendant's explanation*: Defendant proposes that the jury be given introductory instructions up to and including the outline-of-trial instruction before opening statements. This instruction can be used at the close of evidence as an introduction to the remaining instructions that will be read then.

*Plaintiff's objection*: Plaintiff objects that this instruction is confusing. MCJI 1.2, 1.3, or 1.4 adequately address this topic.

**DEFENDANT'S SECOND REQUESTED SPECIAL JURY INSTRUCTION**

**DEADLINE TO CONDUCT AND COMPLETE THE INVESTIGATION**

The defendant had 30 days within which to conduct and complete the investigation described in the previous instruction. The 30-day period begins to run from the date the CRA receives the dispute from the plaintiff, not the date the defendant received the notice from the CRA.

Authority: 15 U.S.C. § 1681s-2(a)(8).


*Defendant's explanation:* This statutorily imposed time limit bears on the reasonableness of the investigation.

*Plaintiff's objection*: Plaintiff objects that Defendant's instruction incorrectly states the law. The period to complete an investigation may be extended by 15 days in certain circumstances. *See* FCRA, § 1681i(a)(1)(B). The period is 45 days if the dispute is made after the consumer receives a free annual report. *See* FCRA, § 1681j(a)(3).

**DEFENDANT'S THIRD REQUESTED SPECIAL INSTRUCTION**

**FAIR CREDIT REPORTING ACT CLAIM – REQUIREMENTS**

To establish his claim against the defendant under the FCRA, the plaintiff must prove the following:

(1) The plaintiff found an inaccuracy in his credit report;

(2) The plaintiff notified a CRA;

(3) The CRA notified the defendant about the dispute;

(4) The defendant negligently or willfully violated the FCRA in the way it investigated the CRA notices it received; and

(5) The violation caused the plaintiff actual damages.

Authority:  15 U.S.C. § 1681s-2(b); 15 U.S.C. § 1681n; 15 U.S.C. §1681o.

*Defendant's explanation*:  The jury should be instructed on the elements of an FCRA claim.

*Plaintiff's objection*: Plaintiff objects that Defendant's instruction misstates the law, as item (1) is not in the FCRA section cited, and § 1681n and o impose liability for failure to comply without requiring damages. Item (4) omits other subsections of § 1681s-2(b) that Plaintiff claims were violated. Plaintiff's instructions set forth the elements Plaintiff must prove to prevail.

## DEFENDANT'S FOURTH REQUESTED SPECIAL JURY INSTRUCTION
## ISSUES TO BE DECIDED BY THE JURY

The plaintiff claims that the defendant negligently or willfully violated the FCRA in the way it investigated the consumer reporting agency notices it received in 2016 and in 2017.

The defendant admits that it violated the FCRA in the way it investigated the notices it received from consumer reporting agencies (CRAs) in *2017*, and that its violation was *negligent*. However, the defendant denies that it *willfully* violated the FCRA in the way it investigated the *2017* notices.

The defendant denies that it violated the FCRA in the way it investigated the notices it received from the CRAs in *2016*, or that it acted negligently or willfully in doing so. You will need to determine whether a violation occurred with respect to the *2016* notices and, if so, whether defendant acted negligently or willfully.


*Defendant's explanation:* This instruction expands on the descriptions in MCJI 1.5, which would have been read before opening statements. The language mirrors defendant's proposed verdict form. Defendant suggests that this instruction be given at the close of evidence.


*Plaintiff's objection*: Plaintiff objects as Defendant's instruction incorrectly states the issues to be decided by the jury. Wells Fargo has denied all liability. This instruction assumes that the Court will grant Wells Fargo's motion for leave to file an amended answer. Plaintiff will be filing an opposition to that motion. A decision on an instruction to the jury on issues to be decided should be made after the Court rules on the motion.

DATED this 30th day of July 2019.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Robert S. Sola_____
**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue
Suite 800
Portland, Oregon 97201
rssola@msn.com


**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Direct 503-847-4329


Of Attorneys for Plaintiff Matthew Sponer

</div>

## CERTIFICATE OF SERVICE

I certify that I caused this document to be served on the following via the Court's ECF system and via email to:

Timothy J. Fransen
tfransen@cosgravelaw.com
Robert E. Sabido
rsabido@cosgravelaw.com
Daniel Peterson
dpeterson@cosgravelaw.com

Attorneys for Defendant Wells Fargo Bank, N.A.

Dated: July 30, 2019

/s/ Robert S. Sola
**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff Matthew Sponer