Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Julie A. Smith, OSB No. 983450
jsmith@cosgravelaw.com
Daniel C. Peterson, OSB No. 064664
dpeterson@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:   (503) 323-9000
Facsimile:   (503) 323-9019

Attorneys for Defendant Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTHEW SPONER,<br><br>        Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC and WELLS FARGO BANK N.A.,<br><br>        Defendants. | Case No. 3:17-cv-2035-HZ<br><br>**Defendant Wells Fargo Bank, N.A.'s MOTION TO SUPPLEMENT EXHIBIT LIST** |

### LR 7-1 Certification

Counsel for defendant Wells Fargo Bank, N.A. ("defendant") certifies that the parties made a good faith effort to resolve the issue raised in this motion, but were unable to resolve the issue.

### I. Background

In the process of preparing for the upcoming trial, defendant discovered that a few pages of relevant written policies and procedures were not located in previous searches conducted during discovery. Defendant's Fed. R. Civ. P. 30(b)(6) witness already testified about these policies and procedures during her deposition. Upon learning of this inadvertent oversight,

Page 1 - **Defendant Wells Fargo Bank, N.A.'s MOTION TO SUPPLEMENT EXHIBIT LIST**

defendant produced the policies and procedures to plaintiff, and offered to make a witness available to be deposed about them. Plaintiff did not respond to the offer.

Defendant respectfully seeks leave to supplement its exhibit list to include these documents, so that the jury can review the written policies and procedures in addition to hearing about them from defendant's witnesses.

## II. Relevant Law

The court has the inherent power "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)). The court enjoys "broad discretion" in the exercise of such power, but can exclude evidence that "would unfairly prejudice the opposing party." *Id.*

## III. Discussion

In January 2019, defendant produced 35 pages of its internal policies and procedures relating to investigation of credit disputes and claims of fraud. (Declaration of Timothy J. Fransen ("Fransen Decl.") at ¶ 3). Following this production, defendant's Fed. R. Civ. P. 30(b)(6) witness, Bets Burg, testified at length – over the course of two depositions – about defendant's policies and procedures for investigating credit disputes. (*Id.* at ¶ 4). For example, Ms. Burg testified that defendant's ACDV response team will generally request deletion of an account due to fraud only when defendant's fraud department has reached a determination of fraud (which would be notated in defendant's records). (Fransen Decl. at Ex. 2). Where the fraud department is in the process of investigating a fraud claim, the ACDV response team will proceed with validating the customer's information in the ACDV response while the fraud department gathers its information. (*Id.*). This is consistent with the newly produced procedures. (*Id.* at Ex. 1). There was some discussion at one of the depositions about whether the policies and procedures produced at the time were complete, but Ms. Burg testified that she believed the relevant policies and procedures had been produced. (*Id.* at Ex. 2).

Page 2 - **Defendant Wells Fargo Bank, N.A.'s MOTION TO SUPPLEMENT EXHIBIT LIST**

Due to an apparent oversight, however, a few pages of relevant policies and procedures had not been located by defendant at that time. (Fransen Decl. at ¶ 5). Defendant is acutely aware that the relevant *written* policies and procedure are discoverable and should have been located and produced before the discovery deadline expired. Defendant acknowledged as much when it provided the documents to plaintiff's counsel. (*Id.* at ¶ 5 & Ex. 3). However, as discussed above, the *content* of the policies and procedures is not new to the case. They confirm what Ms. Burg already testified about during her deposition, as described above. Thus, the documents are helpful and not unfairly prejudicial. To the extent plaintiff still asserts prejudice from these events, defendant already offered to make a witness available to be deposed about the content of these documents. (*Id.* at Ex. 4). As noted, plaintiff did not respond to the offer.

Defendant's motion is not intended in any way to minimize the obligation to thoroughly and timely locate and produce responsive documents. And defendant acknowledges that it is within the court's discretion to exclude such documents not timely produced. In this case, however, defendant's 30(b)(6) witness already testified about the content of the documents at issue when plaintiff deposed her. Thus, plaintiff will not be unfairly prejudiced if the court exercises its discretion and allows these documents to be used as exhibits at trial. To the contrary, doing so would be conducive to the conduct of a fair and orderly trial. *See Unigard Sec. Ins. Co.*, 982 F.2d at 368.

/ / /

/ / /

/ / /

Page 3 - **Defendant Wells Fargo Bank, N.A.'s MOTION TO SUPPLEMENT EXHIBIT LIST**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## IV. Conclusion

The court should grant defendant's motion and allow defendant to supplement its exhibit list with the policies and procedures at issue.

DATED: August 15, 2019

                        COSGRAVE VERGEER KESTER LLP

                        */s/ Robert E. Sabido*

                        Robert E. Sabido, OSB No. 964168
                        rsabido@cosgravelaw.com
                        Julie A. Smith, OSB No. 983450
                        jsmith@cosgravelaw.com
                        Daniel C. Peterson, OSB No. 064664
                        dpeterson@cosgravelaw.com
                        Timothy J. Fransen, OSB No. 073938
                        tfransen@cosgravelaw.com
                        Telephone: (503) 323-9000
                        Fax: (503) 323-9019

                        Attorneys for Defendant Wells Fargo Bank, N.A.

Page 4 - **Defendant Wells Fargo Bank, N.A.'s MOTION TO SUPPLEMENT EXHIBIT LIST**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **Defendant Wells Fargo Bank, N.A.'s MOTION TO SUPPLEMENT EXHIBIT LIST** to be served on the date indicated below by:

- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification.

I further certify that said copy was delivered as indicated above and addressed to said attorneys at the addresses listed below:

Michael Fuller
Olsen Daines PC
111 SW Fifth Avenue, Suite 3150
Portland, OR 97204

Robert S. Sola
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, OR 97201

Kelly D. Jones
Attorney at Law
819 SE Morrison Street, Suite 255
Portland, OR 97214

Jeffrey B. Sand
Admitted *Pro Hac Vice*
Weiner & Sand LLC
800 Battery Avenue SE, Suite 100 p
Atlanta, GA 30339
    Attorneys for Plaintiff

DATED: August 15, 2019

_____
Timothy Fransen

Page 1 – **Certificate of Service**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019