Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Julie A. Smith, OSB No. 983450
jsmith@cosgravelaw.com
Daniel C. Peterson, OSB No. 064664
dpeterson@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:     (503) 323-9000
Facsimile:     (503) 323-9019

Attorneys for Defendant Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTHEW SPONER,<br><br>                Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES LLC<br>and WELLS FARGO BANK N.A.,<br><br>                Defendants. | Case No. 3:17-cv-2035-HZ<br><br><br>**Defendant Wells Fargo Bank, N.A.'s<br>SUPPLEMENTAL MEMORANDUM<br>REGARDING 15 U.S.C. § 1681s-2(b)(1)** |

When defendant Wells Fargo (defendant) receives notice of a dispute from a consumer

reporting agency (CRA), the Fair Credit Reporting Act (FCRA) requires defendant to investigate

and take certain actions, based on the results of its investigation:

> "After receiving notice pursuant to section 1681i(a)(2) of this title of a
> dispute with regard to the completeness or accuracy of any information provided
> by a person to a consumer reporting agency, the person shall--
>
> "(A) conduct an investigation with respect to the disputed information;

**Page 1 – Defendant's Supplemental Memo Regarding 15 U.S.C. § 1681s-2(b)(1)**

"(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

"(C) report the results of the investigation to the consumer reporting agency;

"(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

"(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

"(i) modify that item of information;
"(ii) delete that item of information; or
"(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

Section 1681s-2(b)(1) includes five subparts – (A), (B), (C), (D), and (E).  In reality, however, § 1681s-2(b)(1) imposes two duties:  a duty to reasonably investigate and a duty to take action based on the findings it makes after its investigation.  (A) and (B) relate to the duty to reasonably investigate, while (C), (D), and (E) relate to actions the furnisher must take based on its findings.  It follows that a furnisher can violate § 1681s-2(b)(1) in one of two ways – by failing to reasonably investigate the dispute or by failing to properly act on the findings it makes following the investigation.

The actions the furnisher must take following its investigation necessarily depend on the findings it made as part of its investigation.  If, following an investigation, the furnisher finds that the information is correct, then it only needs to report that finding to the CRA to which the dispute was raised, as required by subsection (C).  If the furnisher finds that the information is inaccurate, incomplete, or cannot be verified, then it must report that finding to all CRAs and modify, delete, or permanently block the reporting of that item, as required by subsections (D), and (E).

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

The former, not the latter, is what happened here.  Following each of its investigations of the ACDVs it received, defendant found that the disputed information was correct (*i.e.*, that the account belonged to plaintiff), and it reported that finding to the CRA to which plaintiff raised the dispute, as required by subsection (C).  As a result, the duties described in (D) and (E) were never triggered here.  *See generally Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617 (6th Cir. 2012) (discussing the "scope of the *trigger* under § 1681s-2(b)(1)(D)") (emphasis added).

Even so, plaintiff suggests in his trial submissions that defendant violated subsection 1681s-2(b)(1) in **three** separate ways:  (1) by failing to conduct a "reasonable investigation"; (2) by failing to "review all relevant information" provided by the consumer reporting agency; *and* (3) by failing to "delete or block" the disputed information, even though the information "could not be verified."[1]  There are a couple of problems with plaintiff's three-theory approach in this case.

The first problem is that a "reasonable investigation" under the FCRA necessarily includes a review of the information provided by the CRA.  *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157, 1160 (9th Cir. 2009) (recognizing that whether the furnisher's investigation was "reasonable" is informed by the information provided by the CRA); *Boggio*, 696 F.3d at 617 ("courts have interpreted this review requirement alongside the investigation requirement in § 1681s–2(b)(1)(A)"); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("[A] more limited investigation may be appropriate when CRAs provide the furnisher with vague or cursory information about a consumer's dispute.").  Because *reviewing* the information provided by the CRA is part and parcel of determining whether the

---

[1]  *See, e.g.,* Plaintiff's Trial Memorandum (ECF No. 60) at 2 (asserting that defendant failed to "delete the account or block reporting of it although the account could not be verified as belonging to Plaintiff, in violation of Section 1681s-2(b)(1)(E)"); *id.* at 12 (claiming that defendant failed to properly investigate and review all information and "failed to comply" with subsection (E)); Proposed Joint Jury Instructions (ECF No. 79) at 5 (plaintiff's proposed instruction); *id.* at 19 (arguing that defendant's proposed instruction "omits subsections, such as (E), which Plaintiff claims Defendant violated").

Page 3 – **Defendant's Supplemental Memo Regarding 15 U.S.C. § 1681s-2(b)(1)**

*investigation* was a reasonable one, failing to properly review and consider the provided information does not amount to a separate and distinct FCRA violation. To the extent plaintiff contends otherwise, he is mistaken.

The second problem with plaintiff's three-theory approach is that the requirements in § 1681s-2(b)(1)(E) are not triggered unless and until a furnisher *actually finds* that the disputed information is "inaccurate or incomplete or cannot be verified." That is not what plaintiff is claiming here. Plaintiff is not claiming that defendant *actually found* that the disputed information was inaccurate, incomplete, or could not be verified *and then* failed to take one or more of the actions described in subsection (E). Plaintiff is claiming instead that defendant *should* have made a different finding in its investigation than it did. A claim that the furnisher *should* have made a different finding is a challenge to the *reasonableness* of the investigation (as captured by subsections (A) and (B)).[2] It is not a claim that the furnisher violated its obligations to take one or more of the actions required by (E) – actions that are triggered only when certain findings are *actually* made. To the extent defendant may have violated the FCRA in this case, it violated it only in one way – by failing to conduct a reasonable investigation.

This is not mere semantics. Where, as here, punitive damages are at play, it is not unusual for a plaintiff to argue or for a jury to find that the conduct was particularly reprehensible based on the *number* of different ways the defendant's conduct fell short. It thus

---

[2] Of course, it is not enough for plaintiff to prove that defendant *should* have reached a different conclusion. Under § 1681s-2(b)(1) "an investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Gorman*, 584 F.3d at 1161. Plaintiff has to prove that a reasonable investigation would have led defendant to a different conclusion. *See Alston v. United Collections Bureau, Inc.*, 2014 WL 859013, at *8 (D. Md. Mar. 4, 2014) ("the FCRA does not require perfection, only a reasonable response"). Thus, defendant cannot be liable just because the information turns out to be inaccurate, incomplete, or unverifiable. It can be liable only if it failed to conduct a reasonable investigation *and* a reasonable investigation would have led it to make one of those findings.

Page 4 – **Defendant's Supplemental Memo Regarding 15 U.S.C. § 1681s-2(b)(1)**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

serves plaintiff's interests to parse the FCRA obligations and potential violations out as much as possible.

In this case, however, only one duty is at play – the duty to conduct a reasonable investigation.  If defendant negligently failed to reasonably investigate, the jury can award plaintiff the actual damages, if any, he incurred as a result of the negligent violation.  If the violation was a willful one, the jury may also award punitive damages for the willful violation of the duty to reasonably investigate.  But the jury should not be asked to decide whether defendant generally violated its duty to conduct a reasonable investigation obligation *and also* specifically violated its duty by failing to properly review and consider the information provided to it, as plaintiff suggests.  Nor should the jury be asked to decide whether defendant failed to take the actions described in subsection (E) when the findings defendant made in its investigation did not trigger a duty to take the actions under (E) in the first place.  The jury should be asked to decide only whether defendant failed to conduct a reasonable investigation, considering all of the circumstances, and, if so, what damages, if any, should be awarded as a result.

        DATED: August 16, 2019

                        COSGRAVE VERGEER KESTER LLP


                        s/ Julie A. Smith
                        Robert E. Sabido, OSB No. 964168
                        rsabido@cosgravelaw.com
                        Julie A. Smith, OSB No. 983450
                        jsmith@cosgravelaw.com
                        Daniel C. Peterson, OSB No. 064664
                        dpeterson@cosgravelaw.com
                        Timothy J. Fransen, OSB No. 073938
                        tfransen@cosgravelaw.com
                        Telephone: (503) 323-9000
                        Fax: (503) 323-9019

                        Attorneys for Defendant Wells Fargo Bank, N.A.

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S SUPPLEMENTAL MEMORANDUM** to be served on the date indicated below by:

☐    mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐    hand delivery,

☐    facsimile transmission,

☐    overnight delivery,

☒    electronic filing notification.

I further certify that said copy was delivered as indicated above and addressed to said attorneys at the addresses listed below:

Michael Fuller
Olsen Daines PC
111 SW Fifth Avenue, Suite 3150
Portland, OR 97204

Robert S. Sola
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, OR 97201

Kelly D. Jones
Attorney at Law
819 SE Morrison Street, Suite 255
Portland, OR 97214

Jeffrey B. Sand
Admitted *Pro Hac Vice*
Weiner & Sand LLC
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
        Attorneys for Plaintiff

DATED:  August 16, 2019

s/ *Julie A. Smith*
Julie A. Smith

Page 1 – **Certificate of Service**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019