**Michael Fuller, OSB No. 09357**
OlsenDaines
michael@underdoglawyer.com
Direct 503-222-2000

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
kellydonovanjones@gmail.com
Direct 503-847-4329

**Jeffrey B. Sand, admitted *pro hac vice***
Weiner & Sand LLC
js@atlantaemployeelawyer.com
Telephone: 404-205-5029

Attorneys for Plaintiff Matthew Sponer

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MATTHEW SPONER,** | Case No. 3:17-cv-02035-HZ |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO WELLS FARGO'S MOTION TO SUPPLEMENT EXHIBITS** |
| v. | |
| **EQUIFAX INFORMATION SERVICES, LLC and WELLS FARGO BANK N.A.,** | |
| Defendants. | |

PAGE 1 – PLAINTIFF'S RESPONSE TO WELLS FARGO'S MOTION TO SUPPLEMENT EXHIBITS

Due to "an apparent oversight"[1] Wells Fargo withheld relevant procedures throughout the course of discovery in this case. (Dkt. 96 at 3). These previously unproduced documents include "Procedures for Processing an Indirect Fraud Dispute ACDVs", "ACDVs – Accounts Easily Identified As Fraud Accounts", and "ACDVs – Accounts Not Easily Identified As Fraud." (*Id.*) These procedures also appear to reference other new documents that Wells Fargo did not produce during discovery and still has not produced, including a "Handle Fraud Disputes" process map and a "Retail Auto Policy Manual." (Dkt 97-1).

The Court's Trial Management Order states in bold text:

**No exhibits or testimony will be received into evidence at trial, nor will any amended pleadings or supplemental jury instructions be accepted unless presented in accordance with this order. Late submissions will not be accepted absent a strong showing of good cause balanced against any prejudice to the opposing party.**

Dkt. 53.

Now, less than two weeks before trial, Wells Fargo seeks to introduce these procedures as exhibits at trial. In doing so, Wells Fargo concedes that it violated its discovery obligations under Fed. R. Civ. P. (Rule) 26 and 34, but asks the Court to overlook its misconduct because its corporate representative supposedly testified about "the content" of these policies at Wells Fargo's Rule 30(b)(6) deposition. This is demonstrably false. Wells Fargo's corporate representative never testified about these policies. To the contrary, she denied the existence of any relevant policies or procedures beyond those Wells Fargo had already produced. Even *if* its corporate representative *had* testified about the "content" of these undisclosed procedures— which she did not—these

---

[1] Wells Fargo does not explain why it failed to timely produce or disclose the existence of the responsive policy and procedure documents subject to its motion. Rather than offer a declaration from a witness with personal knowledge of the time and place that the documents were discovered and became known to its legal department, Wells Fargo instead offers a declaration from local counsel who seemingly has only second-hand knowledge of the factual details.

PAGE 2 – PLAINTIFF'S RESPONSE TO WELLS FARGO'S MOTION TO SUPPLEMENT EXHIBITS

documents must still be excluded from trial because they were not timely produced. Otherwise, Wells Fargo would be rewarded for concealing its procedures and the very serious violations of its obligations under Rules 26 and 34.

Aside from the clear directive and warning in the court's Trial Management Order, the law under these circumstances is also very clear. In accordance with Rule 37, Wells Fargo cannot introduce or reference these untimely produced documents at trial. Rule 37(c)(1) requires that "if a party fails to provide information or identify witnesses as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." As the Ninth Circuit observed, "Rule 37(c)(1) gives teeth to these requirements [The Rule 26 disclosure obligations] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This remedy is "self-executing" and "automatic." *Id.* (citing Fed. R. Civ. P. 37 Advisory Committee's Note (1993)). Exclusion of evidence is an appropriate remedy for failing to fulfill disclosure requirements, even in the absence of a showing of bad faith or willfulness, and even when the exclusion will preclude a litigant's entire cause of action or defense. *Id.* (citing *Ortiz-Lopez v. Sociedad Espanola de Auilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001)).

Wells Fargo's untimely disclosure of these documents is not "substantially justified." Wells Fargo did not disclose these procedures in its Rule 26(a) Disclosures. In fact, Wells Fargo disclosed <u>no procedures at all</u> in its Rule 26(a) Disclosures, nor did it supplement its disclosures as required by Rule 26(e).[2] Declaration of Kelly D. Jones (Jones Decl.) ¶ 2, Exhibit 1. Despite not

---

[2] Well Fargo listed four categories of documents in its Initial Disclosures – none of them include any policies or procedures. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its disclosures because it has not fully investigated the case.").

disclosing any procedures in its Rule 26(a) Disclosures, Wells Fargo produced several procedure documents during discovery. During Wells Fargo's Rule 30(b)(6) deposition, its representative unambiguously confirmed that the produced procedure documents were all of the relevant procedures to this case:

> Q.    If you would look at Exhibit 12. And these are Bates numbered WF 370 to 404.
>
> …
>
> [*discussion of each of the procedures produced*]
>
> ….
>
> Q.    Are these pages that you produced, are these all the policies and procedures that Wells Fargo has on handling consumer disputes?
>
> Mr. Fransen:    Object to Form.
>
> A.    At that time, or in general?
>
> Q.    At the time, yeah.
>
> Mr. Fransen:    Same objection.
>
> A.    I would assume, at that time, there were other disputes that were not relevant to the case -- or other procedures that were not relevant to the case.
>
> Q.    How did you determine which ones to produce, as far as relevancy?
>
> Mr. Fransen:    Object to form.
>
> A.    Well, resolving a credit bureau dispute is the main procedure for resolving credit bureau disputes.
>
> Q.    Maybe my question wasn't clear. Are there other policies and procedures that relate to credit bureau disputes than these?
>
> A.    **I believe that there could be other procedures that are related to credit bureau disputes, yes, but were not relevant to this case. They did not – they don't have anything to do with identity theft procedures**.

Jones Decl., Exhibit 2, Deposition of Bets Burg at 264:5-268:17 (emphasis added).

Plaintiff includes multiple pages of the relevant deposition transcript of Wells Fargo's representative because in its motion, in an attempt to mask its serious discovery failure, Wells Fargo attempts to mischaracterize its representative's unambiguous testimony to make it appear as though she was referring to some other procedures earlier in her testimony. This is not the case. At its deposition, Wells Fargo confirmed it had already produced all of its relevant procedures.

Discovery closed on February 28, 2019. (Dkt. 23). Wells Fargo failed to disclose these additional documents until August 7, 2019—just three weeks before trial. There is no plausible justification for this untimely disclosure. The explanation Wells Fargo offers for failing to produce these documents is that it was "an apparent oversight" in locating these documents (Dkt. 96 at 3). This cryptic explanation about Wells Fargo's disclosure failure and is unjustifiable as a matter of law. "Inadvertent mistakes and unintentional oversights are not substantial justifications." *Baltodano v. Wal-Mart Stores, Inc.*, 2:10-cv-2062-JCM-RJJ, 2011 WL 3859724 at *2 (D. Nev. Aug. 31, 2011) (citing *R&R Sails v. Insur. Co. of State of Penn.*, 251 F.R.D. 520, 526 (S.D. Cal. 2008). Wells Fargo offers no justification, let alone a "substantial justification," for its failure to disclose these documents. The Court should not permit Wells Fargo to introduce or refer to them at trial.

Moreover, Wells Fargo's untimely disclosure of these procedures is far from being harmless. Plaintiff prosecuted this entire action based on the procedures that Wells Fargo produced during discovery. This included extensive written discovery, numerous depositions of Wells Fargo's employees, the retention of experts whose opinions are based on the procedures Wells Fargo produced, and exhaustive trial preparation. Because Wells Fargo disclosed these additional procedures after the close of discovery (and only 3 weeks before trial), it has prevented Plaintiff from conducting any discovery on them, including questioning Wells Fargo's Rule 30(b)(6)

representative and employees about them, and presenting them to Plaintiff's experts for their review.

Curiously, in the declaration of Wells Fargo's counsel Wells Fargo points the finger at plaintiff because it did not "failed to respond" to its emails that it sent when it disclosed these documents. Dkt. 97 ¶5. This is irrelevant and it is also not true. The emails invited contact if plaintiff wished to discuss the matter. Plaintiff's counsel sent an email on August 14, informing Wells Fargo's counsel that plaintiff was planning on supplementing his Motion in *Limine* Seven, to address this issue and the untimely disclosed documents, and requested a conferral call. Jones Decl., Exhibit 3. The conferral call took place on August 15. Jones Decl. ¶5. Shortly after the conferral call Wells Faro filed its motion. Given the motion, plaintiff felt this issue was best addressed in a formal response.

Wells Fargo's empty offer to allow Plaintiff a one hour deposition the week before trial related to these undisclosed procedures is absurd and violates the Court's order that discovery closed nearly six months ago. Further complicating the problem is the fact that these newly-disclosed documents discuss *additional* documents that Wells Fargo still has not produced. Plaintiff would be substantially prejudiced if Wells Fargo is permitted to reference or introduce these late disclosed policies and procedures, and potentially delve into additional procedures that it did not produce during discovery. "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanction to prove harmlessness." *Yeti*, 259 F.3d at 1107. Well Fargo can make no such showing as the harm and prejudice to plaintiff resulting from Wells Fargo's serious discovery failure is obvious

Under these circumstances, Wells Fargo's attempt to use, refer to, or introduce any of the undisclosed procedures would reward Wells Fargo for its decision to ignore its discovery

obligations under Rules 26(a) and 34, and for misleading Plaintiff during its Rule 30(b)(6) deposition. It would also severely prejudice Plaintiff. For these reasons, the Court should deny Wells Fargo's Motion to Supplement its Exhibit List, and provide any other relief the Court may deem proper based on Wells Fargo's discovery violation.[3]

/s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
The Law Office of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Telephone 503-847-4329

**Jeffrey B. Sand, admitted *pro hac vice***
Weiner & Sand LLC
js@atlantaemployeelawyer.com
Telephone: 404-205-5029

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
rssola@msn.com
Telephone 503-295-6880

Of attorneys for Matthew Sponer

---

[3] This discovery violation is part of a pattern of misconduct by Wells Fargo on the eve of trial. Wells Fargo has reneged on a stipulation it agreed to. It seeks to amend its answer to admit fault despite denying liability for the entirety of this action. It seeks to introduce witnesses who it failed to disclose during discovery. And now it admits that it withheld relevant procedures throughout discovery and seeks to introduce them at trial. Under these circumstances, Wells Fargo's discovery violations and last-minute gamesmanship constitutes intentional bad faith litigation conduct and warrants sanctions.

PAGE 7 – PLAINTIFF'S RESPONSE TO WELLS FARGO'S MOTION TO SUPPLEMENT EXHIBITS

## CERTIFICATE OF SERVICE

I certify that I caused this document to be served on the following via the Court's ECF system:

    Timothy J. Fransen
    tfransen@cosgravelaw.com
    Robert E. Sabido
    rsabido@cosgravelaw.com
    Daniel C. Peterson
    dpeterson@cosgravelaw.com

    Attorneys for Defendant Wells Fargo Bank, N.A.

Dated: August 16, 2019

                /s/ Kelly D. Jones
                **Kelly D. Jones, OSB No. 074217**
                The Law Office of Kelly D. Jones
                819 SE Morrison St., Suite 255
                Portland, OR 97214
                kellydonovanjones@gmail.com
                Telephone 503-847-4329

                Of Attorneys for Plaintiff