Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Julie A. Smith, OSB No. 983450
jsmith@cosgravelaw.com
Daniel C. Peterson, OSB No. 064664
dpeterson@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

    Attorneys for Defendant Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MATTHEW SPONER,<br><br>          Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC and WELLS FARGO BANK N.A.,<br><br>          Defendants. | Case No. 3:17-cv-2035-HZ<br><br>**Defendant Wells Fargo Bank, N.A.'s MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL JUDGMENT AS A MATTER OF LAW** |

Defendant Wells Fargo Bank, N.A. offers the following memorandum in support of its motions for partial judgment as a matter of law.

**A.    Legal Standard**

If a party has been "fully heard on an issue" at trial and the court finds that a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the court may "resolve the issue against the party." Fed. R. Civ. P. 50(a)(1). A motion for judgment

Page 1 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

as a matter of law may be made "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). "Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion." *Ostad v. Or. Health & Sciences Univ.*, 327 F.3d 876, 881 (9th Cir. 2003). A party may move for *partial* judgment as a matter of law "on particular claims or issues." Jones et al, *Rutter Group Practice Guide: Federal Civil Trials and Evidence* § 13:26, at 13-12 (2019) (citing cases).

**B.    No violation of subsection (E) as a matter of law**

To the extent plaintiff is claiming that defendant violated the FCRA by failing to take one or more of the actions required by 15 § U.S.C. 1681s-2(b)(1)(E), his theory fails because, as explained in defendant's supplemental memorandum regarding 15 U.S.C. § 1681s-2(b)(1) (ECF No. 98, p. 4), the requirements in subsection (E) are not triggered unless and until a furnisher *actually finds* that the disputed information is "inaccurate or incomplete or cannot be verified." That did not happen here. There is no evidence that defendant actually found that the disputed information as inaccurate, incomplete or could not be verified and then failed to take one or more of the actions described in subsection (E). As a matter of law, there was no violation of 15 § U.S.C. 1681s-2(b)(1)(E).

**C.    No *willful* violation of 15 U.S.C. § 1681s-2(b)(1)(E) as a matter of law**

To establish a *willful* violation of § 1681s-2(b)(1)(E), plaintiff must demonstrate that defendant either knowingly violated the statute or acted in "reckless disregard" of its investigation obligation under the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In *Safeco*, the Court found that the defendant did not act "willfully" as a matter of law because its interpretation of its obligations under the FCRA, though wrong, did not even rise to the level of being objectively unreasonable. 551 U.S. at 69. The defendant's interpretation of

Page 2 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

the FCRA had "a foundation in statutory test," and the defendant lacked "the benefit of guidance from the courts of appeals or the Federal Trade Commission" that "might have warded it away from the view it took." *Id.* at 69-70. The Court went on to say that a defendant "does not act in reckless disregard" of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law ***substantially greater than the risk associated with a reading that was merely careless***." *Id. (Emphasis added).* An "interpretation of the FCRA" that is "merely objectively unreasonable" is not a "reckless" one and is therefore not a willful violation. *Syed v. Mi-I, LLC,* 853 F.3d 492, 504 (9th Cir.), *cert. denied*, 138 S. Ct. 447 (2017).

As already explained, there was no violation of 15 § U.S.C. 1681s-2(b)(1)(E) as a matter of law. Even if there was, the violation was not a *willful* one because defendant's interpretation of subsection (E) as being triggered only in certain circumstances is not objectively *unreasonable*. As in *Safeco Ins. Co.*, its interpretation has a foundation in the statutory text, and there is no binding authority to the contrary. In any event, as the Ninth Circuit clarified in *Syed*, an interpretation of the FCRA that is "merely objectively reasonable" is not a "reckless" one. "[A] violation is only reckless (and therefore willful) when [the furnisher] adopts a reading of the [FCRA] that runs a risk of error *substantially greater than* the risk associated with a reading that was merely careless." *Syed*, 853 F.3d at 504 (internal quotations omitted; emphasis in original). Plaintiff has not shown that defendant ran a risk of error substantially greater than the risk associated with mere carelessness with respect to its interpretation of subsection (E). To the extent defendant violated subsection (E), it was not a willful violation.

Page 3 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

**D.     "Actual damages" (as used in the FCRA) include only "pecuniary" losses (which plaintiff is not claiming)**

To the extent Wells Fargo failed to comply with its obligation to reasonably investigate the ACDVs it received from Equifax, plaintiff can recover "any ***actual*** damages sustained . . . as a result of the failure."  15 U.S.C. § 1681n and 1681o (emphasis added).  The FCRA does not define "actual damages."  Because "actual damages" is a term that has historically been used interchangeably with the phrase 'special damages" (*i.e.*, pecuniary losses), as a matter of statutory construction, "actual damages" as used in the FCRA should be construed to refer only to *pecuniary losses* – losses plaintiff is not claiming in this case.  *See F.A.A. v. Cooper*, 566 U.S. 284, 295-96 (2012) (construing "actual damages" in the Privacy Act as limited to "special damages," which are "limited to actual pecuniary loss, which must be specially pleaded and proved"); *see also Ryan v. Foster & Marshall, Inc.*, 556 F.2d 460, 464 (9th Cir.1977) (holding that "actual damages" for federal claims under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, are limited to economic loss); *but see Drew v. Equifax Information Services, LLC,* 690 F.3d 1100, 1109 (9th Cir. 2012) ("The FCRA permits recovery for emotional distress and humiliation") (quotations omitted).

In *F.A.A.*, 566 U.S. at 299, the Supreme Court adopted "an interpretation of 'actual damages' limited to proven pecuniary or economic harm."  Despite the Ninth Circuit's conclusion in *Drew* to the contrary, the same should hold true for the FCRA – "actual damages" should be construed to refer only to pecuniary losses.  Defendant understands, of course, that this court will likely conclude that it is bound by *Drew*, unless and until the Ninth Circuit disavows the decision, because it was an FCRA case and F.A.A. was a Privacy Act case.  But as far as defendant can tell, the issue it raises here was not squarely presented or decided in *Drew*.  And in

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

its decision in *Cooper v. F.A.A.*, 622 F.3d 1016, 1032 (9th Cir. 2010), *rev'd by* 566 U.S. 284 (2012), the Ninth Circuit compared the use of the phrase "actual damages" as it appears in the Privacy Act and in the FCRA and observed that the two statutory schemes have similar purposes. The court then went on to say that, "[w]hen Congress uses the same language in two statutes having similar purposes, particularly when one is enacted shortly after the other, it is appropriate to presume that Congress intended that text to have the same meaning in both statutes." *Id.* (brackets and internal quotations omitted).

Because plaintiff has not proven that he suffered any pecuniary losses (to the contrary he has expressly abandoned that theory of damages) plaintiff has not proven that he suffered "any actual damages," as the Supreme Court construed that phrase in *F.A.A.* Accordingly, the court should enter judgment in defendant's favor as a matter of law on plaintiff's FCRA claims.

E.     At most, plaintiff can recover only for "emotional distress" damages

To the extent the FCRA allows a plaintiff to recover non-pecuniary losses, at the very most, plaintiff can recover damages only for *emotional distress* caused by Wells Fargo's failure to comply with its obligation to reasonably investigate the ADCV notices it received from Equifax.

The Ninth Circuit has said that "FCRA permits recovery for emotional distress and humiliation." *Drew*, 690 F.3d at 1109 (internal quotations omitted). The Ninth Circuit has *not*, however, recognized that the FCRA permits the recovery of the *other* categories of non-pecuniary losses plaintiff lists in his complaint – "lost opportunity to receive credit," "damage to reputation," or "interference with plaintiff's normal and usual activities." ECF No. 1 at ¶ 15, 17. Nor has the Ninth Circuit recognized that the FCRA permits the recovery of the new, additional categories of non-pecuniary losses that plaintiff claims for the very first time in his version of the

Page 5 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

damages instruction – "discomfort," "interference with plaintiff's normal and usual activities, the time spent by plaintiff dealing with Wells Fargo's inaccurate credit reporting, lost opportunity to receive credit and not seeking credit, and invasion of plaintiff's privacy." ECF No. 79 at 9. These issues are not separate categories of damages. Nor are they recoverable under the FCRA.

As the Ninth Circuit has recognized, "[s]imply because a statute authorizes the recovery of damages to compensate for injuries does not mean that the statute authorizes the recovery of damages for *any type of loss*." *Cooper*, 622 F.3d at 1028 (emphasis added). To the extent plaintiff is entitled to recover non-pecuniary losses, the losses should be limited to his "emotional distress" because that is the only non-pecuniary loss that (1) plaintiff alleged in the operative complaint[1]; and (2) has been recognized by the Ninth Circuit as permitted by the FCRA.

Moreover, to the extent plaintiff can seek damages for "loss of reputation" as a separate category of non-pecuniary damages, plaintiff has not offered evidence establishing an actual loss to his "reputation." At most, he has established that he suffered emotional stress relating to knowing that the derogatory Wells Fargo report had been conveyed to his insurance company but not that sharing this information resulted in a cognizable loss of his "reputation."

**F.    Plaintiff has not proven recoverable "emotional distress" damages**

The Second Circuit has recognized that, to the extent emotional distress damages are recoverable under the FCRA, they should be limited to emotional distress associated with potential creditors or other persons learning of the harmful information:

---

[1] As defendant mentioned in its objections to plaintiff's proposed jury instruction, plaintiff should not be allowed to pursue any forms of non-pecuniary losses that plaintiff did not allege in the complaint. ECF No. 79 at 11.

Page 6 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

> "Casella presented no evidence that during the period in which Equifax and Trans Union carried the inaccurate San Diego entry, either of them provided appellant's credit report to any third party. No rational trier of fact could infer from this record that any potential creditor or other person in appellant's community learned of any harmful information from appellees. *Casella's argument boils down to the bare contention that he is entitled to damages for pain and suffering simply because he knew of an inaccurate and potentially damaging item in his credit report. We are unaware of any case extending FCRA damages that far.*"

*Casella v. Equifax Credit Information Services*, 56 F.3d 469, 475 (2nd Cir. 1995) (emphasis added). In this case, there is no evidence that anyone other than plaintiff's insurer ever saw the potentially damaging item on plaintiff's credit report. If plaintiff is entitled to recover damages for emotional distress, the damages should be limited to the distress related to his insurer seeing the Wells Fargo loan on his report.

### G. No "causal" relationship between Wells Fargo's investigations of the ACDV notices it received from Equifax and *some* of plaintiff's claimed damages

Under the FCRA, plaintiff is only entitled to recover actual damages "sustained . . . **as a result of**" Wells Fargo's "failure" to reasonably investigate the ACDV notices it received from Equifax. 15 U.S.C. § 1681n and 1681o. In *Burrage v. United States*, 571 U.S. 204, 214-16 (2014), the Supreme Court recognized that "a phrase such as '**results from**' imposes a requirement of but-for causation." (Emphasis added). It follows that the substantially similar phrase appears in sections 1681n and 1681o – "**as a result of**" – also denotes "but for" causation. "But for" causation exists when the damages "would not have occurred 'but for'" the defendant's conduct. *Paroline v. United States*, 572 U.S. 434, 449–50 (2014).

As in most criminal and civil contexts, "causation" for purpose of the FCRA also includes a "proximate cause" requirement. *See Paroline*, 572 U.S. at 44 ("Proximate cause is a standard aspect of causation in criminal law and the law of torts."); *id.* ("Given proximate cause's

Page 7 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

traditional role in causation analysis, this Court has more than once found a proximate-cause requirement built into a statute that did not expressly impose one."). Proximate cause is established when (1) the harm was a reasonably foreseeable consequence of the defendant's conduct, and (2) there was a direct relationship between the conduct and the harm. *Id.* at 444; *Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1074, 1076-77 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1292 (2019).

For several reasons, the derogatory report on plaintiff's credit report relating to the Wells Fargo loan was not a "but-for cause" nor the "proximate cause" of much of the emotional damages plaintiff complained about during his testimony in this case.[2] Much of the emotional distress damages plaintiff talked about would have occurred *without Wells Fargo's derogatory report*. Nor was there a sufficiently direct relationship between much of the distress and Wells Fargo's conduct. Some of the other derogatory reports on plaintiff's credit report were the "intervening cause" of much of the distress. Some – specifically, any the distress relating to plaintiff's relationship with his disabled daughter and cutting his vacation short – was not a reasonably foreseeable consequence of defendant's conduct.

At most, plaintiff is entitled to recover only the emotional distress he suffered that is directly related to the Wells Fargo loan and only the Wells Fargo loan related emotional distress

---

[2] In his argument in support of his special instruction on "causation," plaintiff asserts that the "substantial factor" test applies to FCRA claims. The authorities he cites as support for that position do not support the position he takes. In any event, plaintiff's position is contrary to *Burrage*, 571 U.S. at 214-16, which not only recognized that "a phrase such as 'results from' imposes a requirement of but-for causation" but also observed that (1) in the tort context, the "substantial factor" test applies only in narrow circumstances, and (2) "no case has been found where the defendant's act could be called a substantial factor when the event would have occurred without it." *See also* W. Page Keeton, *Prosser and Keeton on The Law of Torts* 265–68, § 41 (5th ed. 1984) (indicating that the substantial factor test applies only in a narrow "class of cases").

Page 8 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

he suffered after the date on which the jury determines that Wells Fargo violated the FCRA. The court should therefore limit plaintiff to the emotional distress attributable to the Wells Fargo loan after Wells Fargo first violated the FCRA and should instruct the jury that it cannot award plaintiff damages that would have occurred without Wells Fargo's derogatory report, including those damages relating to (1) the identity theft itself (*i.e.*, the fact that his personal information has been stolen, and what he has to do to monitor and address this); (2) other (non-Wells Fargo) accounts opened in his name and used; (3) his dealings with other creditors and with credit reporting services relating to other creditors; (4) any debt collection activities directed at him arising out of other accounts fraudulently opened in his name; and (5) the unforeseeable impact on plaintiff's relationship with his disabled daughter.

## Conclusion

For the foregoing reasons and for those stated on the record, the court should grant defendant's motions for partial judgment as matter of law.

DATED: August 28, 2019

COSGRAVE VERGEER KESTER LLP

*s/ Julie A. Smith*
Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Julie A. Smith, OSB No. 983450
jsmith@cosgravelaw.com
Daniel C. Peterson, OSB No. 064664
dpeterson@cosgravelaw.com
Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
Telephone: (503) 323-9000
Fax: (503) 323-9019

Attorneys for Defendant Wells Fargo Bank, N.A.

Page 9 – **Defendant's Memorandum in Support of Motions for Partial JMOL**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM IN SUPPORT OF MOTIONS FOR PARTIAL JUDGMENT AS A MATTER OF LAW** to be served on the date indicated below by:

☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

☒ electronic filing notification.

I further certify that said copy was delivered as indicated above and addressed to said attorneys at the addresses listed below:

Michael Fuller
Olsen Daines PC
111 SW Fifth Avenue, Suite 3150
Portland, OR 97204

Robert S. Sola
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, OR 97201

Kelly D. Jones
Attorney at Law
819 SE Morrison Street, Suite 255
Portland, OR 97214

Jeffrey B. Sand
Admitted *Pro Hac Vice*
Weiner & Sand LLC
800 Battery Avenue SE, Suite 100
Atlanta, GA 30339
    Attorneys for Plaintiff

    DATED: August 28, 2019

    *s/ Julie A. Smith*
    Julie A. Smith

Page 1 – **Certificate of Service**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019