IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW SPONER,

                    Plaintiff,                          No. 3:17-cv-02035-HZ

      v.                                        JURY INSTRUCTIONS

WELLS FARGO BANK N.A.,

                    Defendant.

1- JURY INSTRUCTIONS

## Table of Contents

No. 1.: Final Jury Instructions—Instructions on your Duties ................................................... 3

No. 2.: What is Evidence ............................................................................................................ 4

No. 3.: What is Not Evidence ..................................................................................................... 5

No. 4.: Depositions .................................................................................................................... 6

No. 5.: Charts and Summaries Not Received in Evidence ......................................................... 7

No. 6.: Direct and Circumstantial Evidence .............................................................................. 8

No. 7.: Credibility of Witnesses ................................................................................................ 9

No. 8.: Expert Opinion ............................................................................................................ 11

No. 9.: Hypothetical Questions ............................................................................................... 12

No. 10.: Burden of Proof ......................................................................................................... 13

No. 11.: Corporations and Partnerships .................................................................................. 14

No. 12.: Liability of Corporations ............................................................................................ 15

No. 13.: Description of Claims and Defenses ........................................................................... 16

No. 14.: Fair Credit Reporting Act ........................................................................................... 17

No. 15.: Reasonable Investigation .......................................................................................... 18

No. 16.: Elements .................................................................................................................... 19

No. 17.: Negligence and Willfulness ....................................................................................... 20

No. 18.: Investigation Deadline .............................................................................................. 21

No. 19.: Proof and Measure of Damages ................................................................................ 22

No. 20.: Causation of Damages ............................................................................................... 23

No. 21.: Damages Limited to Post-Violation ........................................................................... 24

No. 22.: Punitive Damages ...................................................................................................... 25

No. 23.: Deliberations ............................................................................................................. 27

2- JURY INSTRUCTIONS

No. 1.: Final Jury Instructions—Instructions on your Duties

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by your own personal likes or dislikes, opinions, prejudices, or sympathy.

This means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath to do so.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

3- JURY INSTRUCTIONS

No. 2.: What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of witnesses;

2.  The exhibits which have been admitted into evidence;

3.  Any facts to which all the lawyers have agreed; and

4.  Any facts to that I have instructed you to accept as proved.

4- JURY INSTRUCTIONS

No. 3.: What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony or exhibits are received only for a limited purpose; when I have instructed you to consider evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5- JURY INSTRUCTIONS

No. 4.: Depositions

      A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

      Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

6- JURY INSTRUCTIONS

No. 5.: Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

7- JURY INSTRUCTIONS

No. 6.: Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

8- JURY INSTRUCTIONS

No. 7.: Credibility of Witnesses

     In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of this case, if any;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence; and

7. Any other factors that bear on believability.

     Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

     However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

9- JURY INSTRUCTIONS

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

10- JURY INSTRUCTIONS

No. 8.: Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinions, and all the other evidence in the case.

No. 9.: Hypothetical Questions

Hypothetical questions have been asked. A hypothetical question asks a witness to assume that certain facts are true, and then to give an answer based on those assumed facts.

If you find that any of the facts assumed and relied upon by a witness when answering the question were not established by the evidence or were untrue, you must disregard that answer.

12- JURY INSTRUCTIONS

No. 10.: Burden of Proof

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

13- JURY INSTRUCTIONS

No. 11.: Corporations and Partnerships

All parties are equal before the law and a bank is entitled to the same fair and conscientious consideration by you as any party.

14- JURY INSTRUCTIONS

No. 12.: Liability of Corporations

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

15- JURY INSTRUCTIONS

No. 13.: Description of Claims and Defenses

I will now summarize the plaintiff's claims and the defendant's defenses.

The plaintiff claims that defendant negligently and willfully violated the Fair Credit Reporting Act and that the plaintiff suffered actual damages as a result. The plaintiff has the burden of proving these claims by a preponderance of the evidence.

The defendant admits that it negligently violated the Fair Credit Reporting Act in some, but not all, of the ways alleged by the plaintiff. The defendant denies that it willfully violated the Fair Credit Reporting Act.

No. 14.: Fair Credit Reporting Act

Plaintiff claims the defendant violated the Fair Credit Reporting Act.

Under the Fair Credit Reporting Act, after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:

1. Conduct an investigation with respect to the disputed information;

2. Review all relevant information provided by the consumer reporting agency; and

3. Report the results of the investigation to the consumer reporting agency.

No. 15.: Reasonable Investigation

  To satisfy the requirements of the Fair Credit Reporting Act, a furnisher's investigation of the disputed information must be a reasonable investigation.

18- JURY INSTRUCTIONS

No. 16.: Elements

In order to prevail on his claim, the plaintiff must prove by a preponderance of the evidence:

1. That defendant received notice of a dispute regarding the accuracy of information from a consumer reporting agency;

2. That defendant violated one or more of the requirements of the Fair Credit Reporting Act listed above;

3. That the violation or violations of the Act resulted from the negligence or willfulness of defendant; and

4. That plaintiff was harmed by the violation.

No. 17.: Negligence and Willfulness

The plaintiff contends that the defendant negligently and willfully failed to comply with the Fair Credit Reporting Act.

Negligence is failing to do something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do, under the circumstances that existed.

An act is done willfully if it is done knowing that it will violate the Fair Credit Reporting Act or with a reckless disregard of a statutory duty under the Fair Credit Reporting Act. "Reckless disregard" means an action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.

No. 18.: Investigation Deadline

The defendant had 30 days within which to conduct and complete the investigation. The 30-day period began on the date the consumer reporting agency received the dispute from the plaintiff, not the date the defendant received the notice from the consumer reporting agency.

21- JURY INSTRUCTIONS

No. 19.: Proof and Measure of Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on his claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider damage to reputation, emotional distress and discomfort, interference with normal and usual activities, inconvenience, not seeking credit, and invasion of privacy.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

22- JURY INSTRUCTIONS

No. 20.: Causation of Damages

If you find that the plaintiff is entitled to recover damages for his injuries, you may award damages only for injuries he sustained as a result of a violation of the Fair Credit Reporting Act. Damages are sustained as a result of (i.e., caused by) a Fair Credit Reporting Act violation if the injury would not have occurred without the violation.

23- JURY INSTRUCTIONS

No. 21.: Damages Limited to Post-Violation

       If you find that the plaintiff is entitled to recover damages, you may award only damages he sustained after the date on which you determine that the defendant first violated the Fair Credit Reporting Act.

24- JURY INSTRUCTIONS

No. 22.: Punitive Damages

If you find that the defendant willfully violated the Fair Credit Report Act, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it

25- JURY INSTRUCTIONS

also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

26- JURY INSTRUCTIONS

No. 23.: Deliberations

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.  You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A special verdict form has been prepared for your convenience. You will take this form into the jury room.

(Special Verdict Form is read)

You will note that there are questions. The answer to each question must be the unanimous answer of the jury. Your presiding juror will write the unanimous answer of the jury

27- JURY INSTRUCTIONS

in the spaces provided opposite each question. All jurors should participate in all deliberations and vote on each question.

The presiding juror will then date and sign the special verdict form as completed and you will advise the bailiff outside your door that you are ready to return to the courtroom. Court will then be reconvened and your verdict will be received.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Nothing that I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including, but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

28- JURY INSTRUCTIONS

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

29- JURY INSTRUCTIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. Until you have reached your verdict, I will only communicate with jury members on anything concerning the case either in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

30- JURY INSTRUCTIONS