```
1                IN THE UNITED STATES DISTRICT COURT
2                    FOR THE DISTRICT OF OREGON
3  MATTHEW SPONER,                  )
                                    )
4            Plaintiff,             ) No. 3:17-cv-02035-HZ
                                    )
5       vs.                         ) September 3, 2019
                                    )
6  EQUIFAX INFORMATION SERVICES,    ) Portland, Oregon
   LLC and WELLS FARGO BANK, N.A.,  )
7                                   )
             Defendants.             )
8  ----------------------------------
```

**TRIAL - DAY 5**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MARCO A. HERNANDEZ

UNITED STATES DISTRICT COURT JUDGE

```
 1                           APPEARANCES

 2   FOR THE PLAINTIFF:    Kelly D. Jones
                           Kelly D. Jones, Attorney at Law
 3                         819 S. E. Morrison Street
                           Suite 255
 4                         Portland, OR  97214

 5                         Michael R. Fuller
                           OlsenDaines
 6                         111 S. W. Fifth Avenue
                           Suite 3150
 7                         Portland, OR  97204

 8                         Robert S. Sola
                           Robert S. Sola, P.C.
 9                         1500 S. W. First Avenue
                           Suite 800
10                         Portland, OR  97201

11
     FOR THE DEFENDANT
12   WELLS FARGO BANK:     Robert E. Sabido
                           Daniel C. Peterson
13                         Julie Annette Smith
                           Cosgrave Vergeer Kester, LLP
14                         900 S. W. Fifth Avenue
                           24th Floor
15                         Portland, OR  97204

16   COURT REPORTER:       Nancy M. Walker, CSR, RMR, CRR
                           United States District Courthouse
17                         1000 S. W. Third Avenue, Room 301
                           Portland, OR  97204
18                         (503) 326-8186

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              (The Court, counsel, and the parties reconvene.)
 3              THE COURT:  Be seated.
 4              So we have another question.  It reads as follows:
 5    "Was 560, 509, and 510 viewed in pretrial discovery?"
 6              Submitted by Rayna Flye and other jurors.
 7              I'll read it to you again:  "Was No. 560, 509, and
 8    510 viewed in pretrial discovery?"
 9              My proposed response:  "I cannot answer this
10    question.  Pretrial discovery is not relevant to your
11    determination."
12              MR. PETERSON:  Fine with defendant, Your Honor.
13              MR. SOLA:  No objection, Your Honor.
14              THE COURT:  Okay.
15              Here you go, Jen.
16              Thank you.
17              MR. PETERSON:  Thank you.
18              MR. SABIDO:  Thank you.
19              (A recess is then taken.)
20              (The Court, counsel, and the parties reconvene.)
21              THE COURT:  Be seated.
22              Three questions.  First one is:  "Do we have access
23    to William J. Brady deposition?"
24              Second one is:  "Do we have access to William J.
25    Brady transcript of deposition?"
```

1          And third question is:  "Do we have access to Brian
2    Funsch deposition and/or transcript of deposition?"
3          And it's signed by -- I don't know who.  I can't read
4    the writing.  It looks like Walsh or Welsh.
5          THE CLERK:  Kristin Walrod.
6          THE COURT:  Generally, I think that these depositions
7    are like anybody else's testimony and they don't go back to
8    the jury.  They're just like anybody else's testimony.  But if
9    the parties want to confer and agree to send them back, I'll
10   send them back.
11         And I don't know the rule off the top of my head.  I
12   was busy doing other things.
13         I'll hear from the plaintiff first.
14         MR. SOLA:  Yes, Your Honor.  We think they should be
15   able to see these depositions.
16         MR. PETERSON:  Can we have a minute?
17         THE COURT:  Yeah.
18         (Defense counsel confer off the record.)
19         MR. PETERSON:  Your Honor, our inclination is to
20   oppose the request to have the videos sent back.
21         I agree with your point, that it is just like any
22   other witness.  They can't see video of Ms. Braxton or anyone.
23   And so just because those witnesses appeared by video, I don't
24   believe it's appropriate for them to be able to now re-watch
25   the video, when testimony has been already heard and closed.

1            THE COURT:  I don't think there's a rule that
2   provides for them to have the depositions generally, and it
3   wouldn't be unless there is agreement between parties.
4            I don't know the answer to this question.  I'm just
5   telling you what I think.  If you can provide some authority
6   that says they're supposed to go back to the jury, I'll
7   certainly consider that.
8            MR. SOLA:  All right.
9            Can we have some time to look into that?
10           THE COURT:  Yeah.  I'm not going to send an answer
11  back.  They're still deliberating, and the instructions are
12  that they're supposed to continue their deliberations.
13           I'll just wait if you want some time -- I don't know.
14  Do you need 30 minutes or so?
15           MR. SOLA:  Thank you, Your Honor.
16           THE COURT:  Yeah.  We can get back together in 30
17  minutes.
18           In the meantime I'll look around and see if they're
19  supposed to have the deposition exhibits.  Again, I always
20  look at depositions just like any other testimony; and other
21  testimony does not go back to the jury.  I don't give them a
22  transcript of the trial to review all the evidence.
23           MR. JONES:  And, Your Honor, depending on the
24  resolution -- I'm not quite sure.  We'd have to contact
25  Mr. Wolf.  But I'm assuming that those depo videos, redacted,

1  were put on a thumb drive that went to the Court, but I'm not
2  certain.
3           THE CLERK:  Yes.
4           THE COURT:  They'd have a way to look at them?
5           THE CLERK:  I have the videos, not the transcripts.
6           MR. PETERSON:  And, for clarification, we object to
7  both.  But if anything -- if the Court determines anything
8  goes back, I'd suggest just the videos.  But we object to
9  both.
10          THE COURT:  So go do your stuff, go do your research.
11 Let me find out.  In the meantime, I'll hang on to the
12 questions.  Let's get together in about 30 minutes.
13          It's noon.  Let's get together around 12:30 and see
14 what you all found out.
15          MR. PETERSON:  Thank you.
16          MR. SOLA:  Thank you.
17          (A recess is then taken.  The Court, counsel, and the
18 parties reconvene.  Attorneys Robert Sola and Kelly Jones are
19 present for plaintiff.  Attorneys Daniel Peterson and Julie
20 Smith are present for defendant.)
21          THE COURT:  Be seated.
22          We are back on the record regarding the three
23 questions that the jury had posed, which was whether they
24 could have access to the William J. Brady deposition, access
25 to the William J. Brady transcript of deposition, and access

```
 1   to the Brian Funsch deposition and/or transcript of
 2   deposition.
 3           Is there anything else the plaintiff wants to tell
 4   me?
 5           MR. SOLA:  No, Your Honor.
 6           THE COURT:  Thank you.
 7           Is there anything else the defense wants to tell me?
 8           MR. PETERSON:  Your Honor, I think there are two
 9   issues here, the first being, you know, video testimony is
10   less desirable than live oral testimony.  And we didn't find
11   much in the way of case law, but there is an Eleventh Circuit
12   case, Schlange-Schoeningen, 767 F.2d 788, where the Court
13   there expressed some concern that allowing the video testimony
14   to be shown to the jury would be undue weight on that
15   deposition testimony as opposed to live testimony.
16           Of the specific requests being made of you here, I
17   think that -- for example, the William Brady testimony, by
18   being able to see his video but not being able to see his live
19   testimony that came in in our case, I think that would put
20   undue weight on the video testimony.
21           I think there is also a secondary issue that a jury
22   exhibit needs to be offered and received prior to the close of
23   evidence.  And I think these were court exhibits is how they
24   were presented.  And I don't believe that they were offered
25   and received as jury exhibits.  So I think if we were to do
```

that now, there would be a need to reopen the record.

THE COURT: Thank you.

This is one of those matters that I believe is within the sound discretion of the Court. And from my perspective, I need to take into consideration whether or not the jury may place undue emphasis on the transcript.

Initially I said, "No," and I believe that was -- "no" as a response to the questions asked by the jury. And my inclination is to continue with that response.

I believe that there is a risk of undue weight being placed on a particular witness's testimony when, in the case of Mr. Brady, he testified live and the transcript simply isn't available to give to the jury, and they cannot see it in the same way that they saw the video testimony because he actually testified live.

With Mr. Funsch, it's a little bit different. But the issues that Mr. Funsch testified to were also addressed by a variety of different witnesses, and their testimony is not going to be transcribed and given to the jury.

Because the risk of undue weight to a particular witness's testimony, in my opinion, is real under these circumstances, I am going to respond to their requests by saying, "I will not provide those transcripts."

Anything else from either side?

MR. SOLA: No, Your Honor.

Case 3:17-cv-02035-HZ    Document 155    Filed 11/13/19    Page 9 of 18

903

Verdict

1    MR. PETERSON:  No, Your Honor.
2    THE COURT:  So that you are complete on what I am
3    telling the jury, I say the following:  "The depositions and
4    transcripts cannot be provided."
5    Thank you.
6    MR. PETERSON:  Thank you, Your Honor.
7    MR. SOLA:  Thank you.
8    MR. JONES:  Thank you.
9    (A recess is then taken.)
10   (The Court, counsel, the parties, and the jury
11   reconvene.)
12   THE COURT:  Good afternoon.  Be seated.
13   We are continuing in the matter of Sponer versus
14   Wells Fargo Bank.  It is Case No. 17-cv-02035-HZ.  The jury
15   has reported that they have reached a verdict in this matter.
16   Ms. Flye Fairman, I see you have a piece of paper in
17   your hand.  I presume you are the presiding juror.  Am I right
18   about that?
19   JUROR NO. 7:  You are correct.
20   THE COURT:  And did the jury reach a verdict?
21   JUROR NO. 7:  Yes, we did.
22   THE COURT:  And as to each of the questions that you
23   answered, were you unanimous?
24   JUROR NO. 7:  Yes, we were.
25   THE COURT:  Would you please hand the form to the

1  bailiff, Jennifer.
2           JUROR NO. 7:  (Handing).
3           THE CLERK:  (Handing).
4           THE COURT:  The verdict reads as follows:  "We, the
5  jury, being duly impaneled and sworn to try the above-entitled
6  case, do unanimously find as follows:
7           "Question 1:  Did defendant negligently violate the
8  Fair Credit Reporting Act?
9           "Answer:  Yes.
10          "Question 2:  Did defendant willfully violate the
11 Fair Credit Reporting Act?
12          "Answer:  Yes.
13          "Question 3:  What are plaintiff's actual damages, if
14 any?
15          "$101,000.
16          "Question 4, what are the amount of punitive damages,
17 if any?"
18          The answer is zero.
19          And I see a signature.  I assume that is your
20 signature?
21          JUROR NO. 7:  Yes, it is.
22          THE COURT:  I'm going to ask each of the jurors
23 whether or not this was the jury's verdict and whether or not
24 this reflects your vote.
25          And I'll start with you, Ms. Osterkamp.  Do you agree

1  that the verdict as I read it was the jury's verdict?
2              JUROR NO. 1:  Yes.
3              THE COURT:  And did it also reflect your vote?
4              JUROR NO. 1:  Yes.
5              THE COURT:  Same questions, Ms. Horner.  Do you agree
6  that the verdict as I read it was the jury's verdict?
7              JUROR NO. 2:  Yes.
8              THE COURT:  And did it also reflect your vote?
9              JUROR NO. 2:  Yes.
10             THE COURT:  Ms. Huss, do you agree the verdict as I
11 read it was the jury's verdict?
12             JUROR NO. 3:  Yes.
13             THE COURT:  And did it also reflect your vote?
14             JUROR NO. 3:  Yes.
15             THE COURT:  Mr. Rudolph, do you agree that the
16 verdict as I read it was the jury's verdict?
17             JUROR NO. 4:  Yes.
18             THE COURT:  Did it also reflect your vote?
19             JUROR NO. 4:  Yes.
20             THE COURT:  Ms. Walrod, do you agree that the verdict
21 as I read it was the jury's verdict?
22             JUROR NO. 5:  Yes.
23             THE COURT:  And did it also reflect your vote?
24             JUROR NO. 5:  Yes.
25             THE COURT:  And, Mr. Wiggins, do you agree that the

1  verdict as I read it was the jury's verdict?
2               JUROR NO. 6:  Yes.
3               THE COURT:  And did it also reflect your vote?
4               JUROR NO. 6:  Yes.
5               THE COURT:  Ms. Flye Fairman, do you agree that the
6  verdict as I read it was the jury's verdict?
7               JUROR NO. 7:  Yes.
8               THE COURT:  And did it also reflect your vote?
9               JUROR NO. 7:  Yes.
10              THE COURT:  And, Mr. Kragt, do you agree that the
11 verdict as I read it was the jury's verdict?
12              JUROR NO. 8:  Yes.
13              THE COURT:  And did it also reflect your vote?
14              JUROR NO. 8:  Yes.
15              THE COURT:  This verdict is a unanimous verdict.
16              Is there anything else from either of the parties,
17 turning to plaintiff?
18              MR. SOLA:  No, Your Honor.
19              THE COURT:  From defense?
20              MR. PETERSON:  No, Your Honor.
21              THE COURT:  Then I'm going to discharge the jury.
22 Thank you very much for your service.
23              I have a few minutes.  I have a hearing in about five
24 minutes, but I'll be late.  In case you have any questions of
25 me, I will make myself available in about five minutes.  And I

1  can give you about five or 10 minutes while my other matter
2  gets ready for action, okay?
3              So go ahead and escort yourselves into the jury room.
4  I will be there within five minutes and make myself available
5  to you.
6              (The jury leaves the courtroom.)
7              THE COURT:  Is there anything else from plaintiff's
8  perspective I need to address?
9              MR. SOLA:  No, Your Honor.
10             THE COURT:  Please prepare a verdict -- or, excuse
11 me, a judgment that is consistent with this verdict.
12             MR. SOLA:  Yes.
13             THE COURT:  Thank you.
14             Anything else from defense perspective?
15             MR. PETERSON:  No, Your Honor.
16             THE COURT:  All right.
17             Thank you very much for all of your work in this
18 matter.
19             We are in recess.
20             MS. SMITH:  Thank you.
21
22
23             (Proceedings concluded.)
24
25

1                              --oOo--

2

3         I certify, by signing below, that the

4    foregoing is a correct transcript of the record

5    of proceedings in the above-titled cause.  A

6    transcript without an original signature,

7    conformed signature or digitally signed signature

8    is not certified.

9

10

11

      */s/ Nancy M. Walker*                    *10-16-19*
12    _____      _____
      NANCY M. WALKER, CSR, RMR, CRR            DATE
13    Official Court Reporter
      Oregon CSR No. 90-0091
14

| $ | 800 [1] - 896:9 | Brian [2] - 898:1, 901:1 |
|---|---|---|
| $101,000 [1] - 904:15 | 819 [1] - 896:3 | busy [1] - 898:12 |

| / | 9 | C |
|---|---|---|
| /s [1] - 908:11 | 90-0091 [1] - 908:13 | cannot [3] - 897:9, 902:13, 903:4 |
| | 900 [1] - 896:14 | case [6] - 901:11, 901:12, 901:19, 902:11, 904:6, 906:24 |
| | 97201 [1] - 896:10 | Case [1] - 903:14 |
| | 97204 [3] - 896:7, 896:15, 896:17 | certain [1] - 900:2 |
| | 97214 [1] - 896:4 | certainly [1] - 899:7 |

| 1 | A | certified [1] - 908:8 |
|---|---|---|
| 1 [3] - 904:7, 905:2, 905:4 | able [4] - 898:15, 898:24, 901:18 | certify [1] - 908:3 |
| 10 [1] - 907:1 | above-entitled [1] - 904:5 | Circuit [1] - 901:11 |
| 10-16-19 [1] - 908:11 | above-titled [1] - 908:5 | circumstances [1] - 902:22 |
| 1000 [1] - 896:17 | access [6] - 897:22, 897:24, 898:1, 900:24, 900:25 | clarification [1] - 900:6 |
| 111 [1] - 896:6 | Act [2] - 904:8, 904:11 | CLERK [4] - 898:5, 900:3, 900:5, 904:3 |
| 12:30 [1] - 900:13 | action [1] - 907:2 | close [1] - 901:22 |
| 1500 [1] - 896:9 | actual [1] - 904:13 | closed [1] - 898:25 |
| 17-cv-02035-HZ [1] - 903:14 | address [1] - 907:8 | complete [1] - 903:2 |
| | addressed [1] - 902:17 | concern [1] - 901:13 |
| 2 | afternoon [1] - 903:12 | concluded [1] - 907:23 |
| 2 [3] - 904:10, 905:7, 905:9 | agree [10] - 898:9, 898:21, 904:25, 905:5, 905:10, 905:15, 905:20, 905:25, 906:5, 906:10 | confer [2] - 898:9, 898:18 |
| 2019 [1] - 895:5 | | conformed [1] - 908:7 |
| 24th [1] - 896:14 | agreement [1] - 899:3 | consider [1] - 899:7 |
| 255 [1] - 896:3 | ahead [1] - 907:3 | consideration [1] - 902:5 |
| | allowing [1] - 901:13 | consistent [1] - 907:11 |
| 3 | amount [1] - 904:16 | contact [1] - 899:24 |
| 3 [4] - 895:5, 904:13, 905:12, 905:14 | Annette [1] - 896:13 | continue [2] - 899:12, 902:9 |
| 30 [3] - 899:14, 899:16, 900:12 | answer [6] - 897:9, 899:4, 899:10, 904:9, 904:12, 904:18 | continuing [1] - 903:13 |
| 301 [1] - 896:17 | | correct [2] - 903:19, 908:4 |
| 3150 [1] - 896:6 | answered [1] - 903:23 | Cosgrave [1] - 896:13 |
| 326-8186 [1] - 896:18 | APPEARANCES [1] - 896:1 | counsel [5] - 897:2, 897:20, 898:18, 900:17, 903:10 |
| 3:17-cv-02035-HZ [1] - 895:4 | appeared [1] - 898:23 | |
| | appropriate [1] - 898:24 | COURT [45] - 895:1, 895:17, 896:16, 897:3, 897:14, 897:21, 898:6, 898:17, 899:1, 899:10, 899:16, 900:4, 900:10, 900:21, 901:6, 902:2, 903:2, 903:12, 903:20, 903:22, 903:25, 904:4, 904:22, 905:3, 905:5, 905:8, 905:10, 905:13, 905:15, 905:18, 905:20, 905:23, 905:25, 906:3, 906:5, 906:8, 906:10, 906:13, 906:15, 906:19, 906:21, 907:7, 907:10, 907:13, 907:16 |
| 4 | assume [1] - 904:19 | |
| 4 [3] - 904:16, 905:17, 905:19 | assuming [1] - 899:25 | |
| | Attorney [1] - 896:2 | |
| 5 | attorneys [1] - 900:18 | |
| 5 [3] - 895:14, 905:22, 905:24 | Attorneys [1] - 900:19 | |
| 503 [1] - 896:18 | authority [1] - 899:5 | |
| 509 [2] - 897:5, 897:7 | available [3] - 902:13, 906:25, 907:4 | |
| 510 [2] - 897:5, 897:8 | Avenue [4] - 896:6, 896:9, 896:14, 896:17 | Court [9] - 897:2, 897:20, 900:1, 900:7, 900:17, 901:12, 902:4, 903:10, 908:13 |
| 560 [2] - 897:5, 897:7 | | court [1] - 901:23 |
| | B | Courthouse [1] - 896:16 |
| 6 | bailiff [1] - 904:1 | courtroom [1] - 907:6 |
| 6 [2] - 906:2, 906:4 | Bank [1] - 903:14 | Credit [2] - 904:8, 904:11 |
| | BANK [2] - 895:6, 896:12 | CRR [2] - 896:16, 908:12 |
| 7 | BEFORE [1] - 895:16 | CSR [3] - 896:16, 908:12, 908:13 |
| 7 [7] - 903:19, 903:21, 903:24, 904:2, 904:21, 906:7, 906:9 | below [1] - 908:3 | |
| | between [1] - 899:3 | D |
| 767 [1] - 901:12 | bit [1] - 902:16 | damages [2] - 904:13, 904:16 |
| 788 [1] - 901:12 | Brady [6] - 897:23, 897:25, 900:24, 900:25, 901:17, 902:12 | Daniel [2] - 896:12, 900:19 |
| | | DATE [1] - 908:12 |
| 8 | Braxton [1] - 898:22 | DAY [1] - 895:14 |
| 8 [2] - 906:12, 906:14 | | DEFENDANT [1] - 896:11 |

**defendant** [4] - 897:12, 900:20, 904:7, 904:10
**Defendants** [1] - 895:7
**defense** [4] - 898:18, 901:7, 906:19, 907:14
**deliberating** [1] - 899:11
**deliberations** [1] - 899:12
**depo** [1] - 899:25
**deposition** [10] - 897:23, 897:25, 898:2, 899:19, 900:24, 900:25, 901:1, 901:2, 901:15
**depositions** [5] - 898:6, 898:15, 899:2, 899:20, 903:3
**desirable** [1] - 901:10
**determination** [1] - 897:11
**determines** [1] - 900:7
**different** [2] - 902:16, 902:18
**digitally** [1] - 908:7
**discharge** [1] - 906:21
**discovery** [3] - 897:5, 897:8, 897:10
**discretion** [1] - 902:4
**District** [1] - 896:16
**DISTRICT** [3] - 895:1, 895:2, 895:17
**drive** [1] - 900:1
**duly** [1] - 904:5

**E**

**either** [2] - 902:24, 906:16
**Eleventh** [1] - 901:11
**emphasis** [1] - 902:6
**entitled** [1] - 904:5
**EQUIFAX** [1] - 895:6
**escort** [1] - 907:3
**evidence** [2] - 899:22, 901:23
**example** [1] - 901:17
**excuse** [1] - 907:10
**exhibit** [1] - 901:22
**exhibits** [3] - 899:19, 901:23, 901:25
**expressed** [1] - 901:13

**F**

**F.2d** [1] - 901:12
**Fair** [2] - 904:8, 904:11
**Fairman** [2] - 903:16, 906:5
**Fargo** [1] - 903:14
**FARGO** [2] - 895:6, 896:12
**few** [1] - 906:23
**Fifth** [2] - 896:6, 896:14
**fine** [1] - 897:12
**first** [2] - 898:13, 901:9
**First** [2] - 896:9, 897:22
**five** [4] - 906:23, 906:25, 907:1, 907:4
**Floor** [1] - 896:14
**flye** [2] - 903:16, 906:5
**Flye** [1] - 897:6
**following** [1] - 903:3
**follows** [3] - 897:4, 904:4, 904:6

**FOR** [3] - 895:2, 896:2, 896:11
**foregoing** [1] - 908:4
**form** [1] - 903:25
**fuller** [1] - 896:5
**Funsch** [4] - 898:2, 901:1, 902:16, 902:17

**G**

**generally** [2] - 898:6, 899:2
**given** [1] - 902:19

**H**

**hand** [2] - 903:17, 903:25
**handing)** [2] - 904:2, 904:3
**hang** [1] - 900:11
**head** [1] - 898:11
**hear** [1] - 898:13
**heard** [1] - 898:25
**hearing** [1] - 906:23
**HERNANDEZ** [1] - 895:16
**Honor** [15] - 897:12, 897:13, 898:14, 898:19, 899:15, 899:23, 901:5, 901:8, 902:25, 903:1, 903:6, 906:18, 906:20, 907:9, 907:15
**HONORABLE** [1] - 895:16
**Horner** [1] - 905:5
**Huss** [1] - 905:10

**I**

**impaneled** [1] - 904:5
**IN** [1] - 895:1
**inclination** [2] - 898:19, 902:9
**INFORMATION** [1] - 895:6
**instructions** [1] - 899:11
**issue** [1] - 901:21
**issues** [2] - 901:9, 902:17

**J**

**Jen** [1] - 897:15
**Jennifer** [1] - 904:1
**Jones** [3] - 896:2, 896:2, 900:18
**JONES** [2] - 899:23, 903:8
**JUDGE** [1] - 895:17
**judgment** [1] - 907:11
**Julie** [2] - 896:13, 900:19
**juror** [1] - 903:17
**JUROR** [21] - 903:19, 903:21, 903:24, 904:2, 904:21, 905:2, 905:4, 905:7, 905:9, 905:12, 905:14, 905:17, 905:19, 905:22, 905:24, 906:2, 906:4, 906:7, 906:9, 906:12, 906:14
**jurors** [2] - 897:6, 904:22
**jury** [19] - 898:8, 899:6, 899:21, 900:23, 901:14, 901:21, 901:25, 902:5, 902:8, 902:13, 902:19, 903:3, 903:10, 903:14, 903:20, 904:5, 906:21, 907:3,

907:6
**jury's** [9] - 904:23, 905:1, 905:6, 905:11, 905:16, 905:21, 906:1, 906:6, 906:11

**K**

**Kelly** [3] - 896:2, 896:2, 900:18
**Kester** [1] - 896:13
**Kragt** [1] - 906:10
**Kristin** [1] - 898:5

**L**

**late** [1] - 906:24
**Law** [1] - 896:2
**law** [1] - 901:11
**leaves** [1] - 907:6
**less** [1] - 901:10
**live** [5] - 901:10, 901:15, 901:18, 902:12, 902:15
**LLC** [1] - 895:6
**LLP** [1] - 896:13
**look** [4] - 899:9, 899:18, 899:20, 900:4
**looks** [1] - 898:4

**M**

**MARCO** [1] - 895:16
**matter** [4] - 903:13, 903:15, 907:1, 907:18
**matters** [1] - 902:3
**MATTHEW** [1] - 895:3
**meantime** [2] - 899:18, 900:11
**Michael** [1] - 896:5
**minute** [1] - 898:16
**minutes** [8] - 899:14, 899:17, 900:12, 906:23, 906:24, 906:25, 907:1, 907:4
**Morrison** [1] - 896:3
**MR** [25] - 897:12, 897:13, 897:17, 897:18, 898:14, 898:16, 898:19, 899:8, 899:15, 899:23, 900:6, 900:15, 900:16, 901:5, 901:8, 902:25, 903:1, 903:6, 903:7, 903:8, 906:18, 906:20, 907:9, 907:12, 907:15
**MS** [1] - 907:20

**N**

**N.A** [1] - 895:6
**nancy** [1] - 896:16
**Nancy** [1] - 908:11
**NANCY** [1] - 908:12
**need** [4] - 899:14, 902:1, 902:5, 907:8
**needs** [1] - 901:22
**negligently** [1] - 904:7
**NO** [21] - 903:19, 903:21, 903:24, 904:2, 904:21, 905:2, 905:4, 905:7, 905:9, 905:12, 905:14, 905:17, 905:19, 905:22, 905:24, 906:2, 906:4, 906:7, 906:9, 906:12, 906:14

| | | |
|---|---|---|
| **noon** [1] - 900:13 | **provides** [1] - 899:2<br>**punitive** [1] - 904:16<br>**put** [2] - 900:1, 901:19 | **SABIDO** [1] - 897:18<br>**saw** [1] - 902:14<br>**Schlange** [1] - 901:12<br>**Schlange-Schoeningen** [1] - 901:12<br>**Schoeningen** [1] - 901:12<br>**seated** [4] - 897:3, 897:21, 900:21, 903:12<br>**second** [1] - 897:24<br>**secondary** [1] - 901:21<br>**see** [9] - 898:15, 898:22, 899:18, 900:13, 901:18, 902:13, 903:16, 904:19<br>**send** [3] - 898:9, 898:10, 899:10<br>**sent** [1] - 898:20<br>**September** [1] - 895:5<br>**service** [1] - 906:22<br>**SERVICES** [1] - 895:6<br>**shown** [1] - 901:14<br>**side** [1] - 902:24<br>**signature** [5] - 904:19, 904:20, 908:6, 908:7<br>**signed** [2] - 898:3, 908:7<br>**signing** [1] - 908:3<br>**simply** [1] - 902:12<br>**SMITH** [1] - 907:20<br>**Smith** [2] - 896:13, 900:20<br>**Sola** [2] - 896:8, 900:18<br>**SOLA** [11] - 897:13, 898:14, 899:8, 899:15, 900:16, 901:5, 902:25, 903:7, 906:18, 907:9, 907:12<br>**sola** [1] - 896:8<br>**sound** [1] - 902:4<br>**specific** [1] - 901:16<br>**SPONER** [1] - 895:3<br>**Sponer** [1] - 903:13<br>**start** [1] - 904:25<br>**STATES** [2] - 895:1, 895:17<br>**States** [1] - 896:16<br>**still** [1] - 899:11<br>**Street** [1] - 896:3<br>**stuff** [1] - 900:10<br>**submitted** [1] - 897:6<br>**suggest** [1] - 900:8<br>**Suite** [3] - 896:3, 896:6, 896:9<br>**supposed** [3] - 899:6, 899:12, 899:19<br>**sworn** [1] - 904:5 |
| **O** | **Q** | |
| **object** [2] - 900:6, 900:8<br>**objection** [1] - 897:13<br>**OF** [2] - 895:2, 895:15<br>**offered** [2] - 901:22, 901:24<br>**Official** [1] - 908:13<br>**OlsenDaines** [1] - 896:5<br>**one** [3] - 897:22, 897:24, 902:3<br>**oOo** [1] - 908:1<br>**opinion** [1] - 902:21<br>**oppose** [1] - 898:20<br>**opposed** [1] - 901:15<br>**OR** [5] - 896:4, 896:7, 896:10, 896:15, 896:17<br>**oral** [1] - 901:10<br>**OREGON** [1] - 895:2<br>**Oregon** [2] - 895:6, 908:13<br>**original** [1] - 908:6<br>**Osterkamp** [1] - 904:25 | **questions** [7] - 897:22, 900:12, 900:23, 902:8, 903:22, 905:5, 906:24<br>**quite** [1] - 899:24 | |
| | **R** | |
| | **Rayna** [1] - 897:6<br>**re** [1] - 898:24<br>**re-watch** [1] - 898:24<br>**reach** [1] - 903:20<br>**reached** [1] - 903:15<br>**read** [10] - 897:7, 898:3, 905:1, 905:6, 905:11, 905:16, 905:21, 906:1, 906:6, 906:11<br>**reads** [2] - 897:4, 904:4<br>**ready** [1] - 907:2<br>**real** [1] - 902:21<br>**received** [2] - 901:22, 901:25<br>**recess** [4] - 897:19, 900:17, 903:9, 907:19<br>**reconvene** [4] - 897:2, 897:20, 900:18, 903:11<br>**record** [4] - 898:18, 900:22, 902:1, 908:4<br>**redacted** [1] - 899:25<br>**reflect** [8] - 905:3, 905:8, 905:13, 905:18, 905:23, 906:3, 906:8, 906:13<br>**reflects** [1] - 904:24<br>**regarding** [1] - 900:22<br>**relevant** [1] - 897:10<br>**reopen** [1] - 902:1<br>**reported** [1] - 903:15<br>**REPORTER** [1] - 896:16<br>**Reporter** [1] - 908:13<br>**Reporting** [2] - 904:8, 904:11<br>**request** [1] - 898:20<br>**requests** [2] - 901:16, 902:22<br>**research** [1] - 900:10<br>**resolution** [1] - 899:24<br>**respond** [1] - 902:22<br>**response** [3] - 897:9, 902:8, 902:9<br>**review** [1] - 899:22<br>**risk** [2] - 902:10, 902:20<br>**RMR** [2] - 896:16, 908:12<br>**Robert** [4] - 896:8, 896:8, 896:12, 900:18<br>**Room** [1] - 896:17<br>**room** [1] - 907:3<br>**Rudolph** [1] - 905:15<br>**rule** [2] - 898:11, 899:1 | |
| **P** | | **T** |
| **P.C** [1] - 896:8<br>**paper** [1] - 903:16<br>**particular** [2] - 902:11, 902:20<br>**parties** [7] - 897:2, 897:20, 898:9, 899:3, 900:18, 903:10, 906:16<br>**perspective** [3] - 902:4, 907:8, 907:14<br>**peterson** [1] - 896:12<br>**Peterson** [1] - 900:19<br>**PETERSON** [11] - 897:12, 897:17, 898:16, 898:19, 900:6, 900:15, 901:8, 903:1, 903:6, 906:20, 907:15<br>**piece** [1] - 903:16<br>**place** [1] - 902:6<br>**placed** [1] - 902:11<br>**Plaintiff** [1] - 895:4<br>**plaintiff** [4] - 898:13, 900:19, 901:3, 906:17<br>**PLAINTIFF** [1] - 896:2<br>**plaintiff's** [2] - 904:13, 907:7<br>**point** [1] - 898:21<br>**Portland** [6] - 895:6, 896:4, 896:7, 896:10, 896:15, 896:17<br>**posed** [1] - 900:23<br>**prepare** [1] - 907:10<br>**present** [2] - 900:19, 900:20<br>**presented** [1] - 901:24<br>**presiding** [1] - 903:17<br>**presume** [1] - 903:17<br>**pretrial** [3] - 897:5, 897:8, 897:10<br>**proceedings** [2] - 907:23, 908:5<br>**PROCEEDINGS** [1] - 895:15<br>**proposed** [1] - 897:9<br>**provide** [2] - 899:5, 902:23<br>**provided** [1] - 903:4 | **S**<br><br>**Sabido** [1] - 896:12 | **testified** [3] - 902:12, 902:15, 902:17<br>**testimony** [17] - 898:7, 898:8, 898:25, 899:20, 899:21, 901:9, 901:10, 901:13, 901:15, 901:17, 901:19, 901:20, 902:11, 902:14, 902:18, 902:21<br>**THE** [51] - 895:1, 895:2, 895:16, 896:2, 896:11, 897:3, 897:14, 897:21, 898:5, 898:6, 898:17, 899:1, 899:10, 899:16, 900:3, 900:4, 900:5, 900:10, 900:21, 901:6, 902:2, 903:2, 903:12, 903:20, |

| | |
|---|---|
| 903:22, 903:25, 904:3, 904:4, 904:22, 905:3, 905:5, 905:8, 905:10, 905:13, 905:15, 905:18, 905:20, 905:23, 905:25, 906:3, 906:5, 906:8, 906:10, 906:13, 906:15, 906:19, 906:21, 907:7, 907:10, 907:13, 907:16<br>**Third** [1] - 896:17<br>**third** [1] - 898:1<br>**three** [2] - 897:22, 900:22<br>**thumb** [1] - 900:1<br>**titled** [1] - 908:5<br>**together** [3] - 899:16, 900:12, 900:13<br>**top** [1] - 898:11<br>**transcribed** [1] - 902:19<br>**transcript** [9] - 897:25, 898:2, 899:22, 900:25, 901:1, 902:6, 902:12, 908:4, 908:6<br>**TRANSCRIPT** [1] - 895:15<br>**transcripts** [3] - 900:5, 902:23, 903:4<br>**TRIAL** [1] - 895:14<br>**trial** [1] - 899:22<br>**try** [1] - 904:5<br>**turning** [1] - 906:17<br>**two** [1] - 901:8 | **Walrod** [2] - 898:5, 905:20<br>**Walsh** [1] - 898:4<br>**wants** [2] - 901:3, 901:7<br>**watch** [1] - 898:24<br>**weight** [4] - 901:14, 901:20, 902:10, 902:20<br>**WELLS** [2] - 895:6, 896:12<br>**Wells** [1] - 903:14<br>**Welsh** [1] - 898:4<br>**wiggins** [1] - 905:25<br>**willfully** [1] - 904:10<br>**William** [5] - 897:23, 897:24, 900:24, 900:25, 901:17<br>**witness** [1] - 898:22<br>**witness's** [2] - 902:11, 902:21<br>**witnesses** [2] - 898:23, 902:18<br>**wolf** [1] - 899:25<br>**writing** [1] - 898:4 |
| **U** | **Y** |
| **unanimous** [2] - 903:23, 906:15<br>**unanimously** [1] - 904:6<br>**under** [1] - 902:21<br>**undue** [5] - 901:14, 901:20, 902:6, 902:10, 902:20<br>**UNITED** [2] - 895:1, 895:17<br>**United** [1] - 896:16<br>**unless** [1] - 899:3 | **yourselves** [1] - 907:3 |
| | **Z** |
| | **zero** [1] - 904:18 |
| **V** | |
| **variety** [1] - 902:18<br>**verdict** [24] - 903:15, 903:20, 904:4, 904:23, 905:1, 905:6, 905:10, 905:11, 905:16, 905:20, 905:21, 906:1, 906:6, 906:11, 906:15, 907:10, 907:11<br>**Vergeer** [1] - 896:13<br>**versus** [1] - 903:13<br>**video** [8] - 898:22, 898:23, 898:25, 901:9, 901:13, 901:18, 901:20, 902:14<br>**videos** [4] - 898:20, 899:25, 900:5, 900:8<br>**viewed** [2] - 897:5, 897:8<br>**violate** [2] - 904:7, 904:10<br>**vote** [9] - 904:24, 905:3, 905:8, 905:13, 905:18, 905:23, 906:3, 906:8, 906:13<br>**vs** [1] - 895:5 | |
| **W** | |
| **wait** [1] - 899:13<br>**WALKER** [1] - 908:12<br>**Walker** [2] - 896:16, 908:11 | |